[No. 18276.    Department One.—September 26, 1894.]

## J. H. CRADDOCK, RESPONDENT, v. JAMES O'BRIEN, APPELLANT.

ATTORNEY AND CLIENT—CONTRACT OF EMPLOYMENT.—The defendant, being the owner of certain judgments against a drainage district, organized under the act of April 23, 1880, entered into an agreement with the plaintiff whereby the latter undertook to collect them, for which service, if successful, the defendant agreed to pay him a certain sum of money. At the time the agreement was made, it had been determined by the supreme court that the drainage act was unconstitutional, and that the district had no legal existence. In 1885 the legislature passed an act making an appropriation for the payment of claims which had arisen under the drainage act, and the defendant, without the knowledge or consent of the plaintiff, employed another person, who presented the defendant's claims to the board of examiners, and secured their payment. The board of examiners refused to recognize the judgments as evidence of the amount of compensation to which the defendant was entitled, but allowed his claims for the same amounts as specified in the judgments. *Held*, That the claims allowed by the board of examiners were the same as those which the plaintiff had been employed to collect.

ID.—ABANDONMENT OF CONTRACT.—In an action by the plaintiff to recover the agreed compensation for collecting the claims, the burden of proof is on the defendant of showing that the plaintiff had abandoned the collection of the claims, either expressly or by such lack of effort as would reasonably show an abandonment.

APPEAL from a judgment of the Superior Court of Yuba County, and from an order refusing a new trial.

The facts are stated in the opinion.

*William G. Murphy*, for Appellant.

*J. H. Craddock*, and *W. H. Carlin*, for Respondent.

HAYNES, C.—The defendant, in 1885, was the owner of certain judgments rendered by the superior court of Yuba county against "Drainage District Number One, of the state of California" (which was organized under the act of April 23, 1880, entitled "An act to promote drainage"), and made an agreement with the plaintiff, Craddock, whereby plaintiff undertook to collect them, and for which service, if successful, defendant agreed he should receive one thousand dollars. This agree-

ment, however, included another judgment in which defendant was not interested.

Plaintiff also received for collection other claims of like character, all being judgments against said "drainage district," rendered in "condemnation proceedings" instituted by said district under the code provisions entitled "Of Eminent Domain"; but, in the case of *People* v. *Parks*, 58 Cal. 625, it had been held that the act under which the district was organized was unconstitutional, and that the district had no legal existence. The work, however, which the district was organized to accomplish appears to have been done, so far as it affected the property of O'Brien and the others in whose favor judgments had been rendered, and the legislature, realizing that these parties should be compensated, in 1885, passed an act making an appropriation for the payment of claims which had arisen under the first act, and which, it was supposed, would authorize the payment of these judgments.

Plaintiff thereupon commenced a proceeding in *mandamus* against the state controller upon one of the claims in his hands, to test the right of these claimants under the act of 1885, and that case (*Callahan* v. *Dunn*) was appealed to this court by the controller, and is reported in 78 Cal. 366, where it was held that the plaintiff was not within the third section of the act of 1885, as presented by his complaint, the cause having gone off in the court below upon demurrer to the complaint. Having failed in this proceeding, the plaintiff continued his efforts to secure the payment of these claims, principally by conferences with the attorney general with a view to arriving at an understanding as to the mode or form of presenting them which would satisfy the law officer of the state.

The case of *Callahan* v. *Dunn*, 78 Cal. 366, was decided in this court March 12, 1889. The attorney general was absent much of the time thereafter on business, and upon his return in November of that year a proposition to resubmit all the claims represented by plaintiff to the

board of examiners, as suggested by plaintiff, was agreed upon.

In the mean time defendant O'Brien employed one Maslin to collect his claims, such employment being without the knowledge or consent of plaintiff, and payment of one of his claims was procured on October 3, 1889, and of the other on January 27, 1890.

This case was tried before the court without a jury, and findings and judgment passed in favor of plaintiff for the proportion of one thousand dollars, which the two claims of O'Brien bore to the three claims included in the agreement; and defendant appeals from the judgment and an order denying his motion for a new trial.

No question is made on the appeal from the judgment; but it is contended that the findings are not justified by the evidence, the points being stated in appellant's brief as follows: "The main question that presents itself in this case, and upon which appellant mostly relies, is whether the claims presented by Maslin, to pay which the said warrants were drawn, were legally the same claims which respondent had assumed to collect; and whether respondent had exercised due diligence and ability in the collection of the claims intrusted to him for collection by appellant."

We think neither of these questions can be answered favorably to appellant.

It is true that at the time of respondent's employment these claims existed in the form of judgments, but these judgments were known to be void, having been so declared by the supreme court. All the injury, however, which O'Brien was entitled to compensation for had been inflicted prior to that time; and although the board of examiners, acting under the law of 1885, and following the decision of *Callahan* v. *Dunn*, 78 Cal. 366, refused to recognize the judgments as evidence of the amount of compensation to which appellant was entitled, or of the injury done, whatever its character, did allow his claims for the same amounts specified in the judgments, and for injuries which were included in the

judgments. In *Callahan* v. *Dunn,* 78 Cal. 368, a doubt was expressed whether the language of the act of 1885, "for work done and materials furnished," included compensation for land taken; but it was said that though a judgment was alleged to have been rendered the money had not been paid, and that consequently the title did not vest in the district. The question whether "land taken" was within the act of 1885, not having been decided by this court, the board of examiners, in the exercise of their judicial powers, were authorized to construe the act for itself, and evidently did so, at least as to the claim known as that of O'Brien and Walters, inasmuch as in the supplemental affidavit of appellant in support of said last-mentioned claim he states that the value of the timber taken was not less than two thousand dollars, and "that the land destroyed and *taken* by the directors caused a damage to him of not less than two thousand dollars," though the claim he presented was for two thousand five hundred and sixty-six dollars and seventy-five cents, which he alleges was the amount agreed upon with the directors, and that the proceedings for condemnation were had at the suggestion of the directors, as their rights would be better secured thereby. These facts, we think, clearly show that the claims represented by these judgments and those audited and allowed by the board of examiners were in all essential particulars the same, and were not other or different claims from those which plaintiff was employed to collect either as to character or amount.

That respondent exercised reasonable diligence and ability in the prosecution of these claims will not admit of serious question. The questions presented in *Callahan* v. *Dunn,* 78 Cal. 366, were not so clear as to charge counsel with any lack of ability, while the time that elapsed after that decision before he secured the allowance of the other claims was not such as under the circumstances, could be charged as a lack of diligence. Besides, appellant employed another to collect the same claims without notice to respondent, and must assume

the burden of showing that respondent himself had abandoned the prosecution, either expressly or by such lack of effort as would reasonably show an abandonment.

The judgment and order appealed from should be affirmed.

VANCLIEF, C., and TEMPLE, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

HARRISON, J., VAN FLEET, J., McFARLAND, J.