[Civ. No. 1913.   Second Appellate District.—November 15, 1917.]

## M. C. JONES, Appellant, v. C. D. MANNING et al., Respondents.

ELECTION LAW—COMPENSATION OF OFFICERS.—In view of the provisions of section 1072 of the Political Code, election officers cannot recover more than ten dollars for services at an election, even though the precincts contained more than two hundred votes in violation of section 1127 of such code, and the services covered four days and nights.

ID.—SERVICES OF ELECTION OFFICERS—INJURIES FROM LOSS OF SLEEP—ABSENCE FROM BUSINESS — CLAIMS NOT ASSIGNABLE.—Claims of election officers for having to work for four days and nights without sleep, resulting in mental and physical fatigue, and absence from business, are strictly personal, and not subject to assignment.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Grant Jackson, Judge.

The facts are stated in the opinion of the court.

35 Cal. App.—21

P. S. McNutt, for Appellant.

A. J. Hill, County Counsel, and David R. Faries, Deputy County Counsel, for Respondents.

WORKS, J., *pro tem.*—This action was commenced against the respondents, who were members of the board of supervisors of Los Angeles County, to recover against them as individuals for certain alleged omissions on their part to perform duties which the appellant contends were enjoined upon them, as supervisors, by law. The appellant sued as assignor of several other persons. Demurrers to the amended complaint on behalf of each of the respondents were sustained without leave to amend and judgment went accordingly. The appeal is from the judgment.

We learn from the amended complaint that appellant's assignors were appointed by the supervisors to serve as election officers in certain precincts in the city of Glendale, at the general election of November, 1914, that they served as such election officers, the period of service of each, including the time expended in the counting of the ballots cast at the election, being more than four days and nights; that each of the assignors presented his claim against the county at the rate of three dollars for each eight hours of service; that the supervisors allowed each claim to the extent of ten dollars, but rejected each for the excess; that there is due appellant certain specific amounts on the claim of each of his assignors, the amount alleged to be due in each instance being ten dollars less than the amount for which the claim was presented, thus showing the collection and acceptance from the county of the amount allowed each assignor by the supervisors; that all the claims were assigned to appellant before the complaint was filed; that the supervisors did not, before the election, as required by section 1127 of the Political Code, as in force at that time, divide Glendale into voting precincts containing not more than two hundred voters; that in the precincts in which appellant's assignors served as election officers there were registered, at the time of the election, respectively, 1,029, 965, 1,099, and 873 voters, and that the respondents knew the number in each precinct; that the votes actually cast in the same precincts were, respectively, 782, 774, 839, and 715; that, by reason of the failure of the respondents to establish pre-

cincts containing less than two hundred voters each, the appellant's assignors were compelled to serve as election officers for the periods of time above mentioned; that by reason of this service "and the consequent loss of sleep and the nervous strain," the plaintiff's assignors "suffered greatly both from mental and bodily fatigue, besides being deprived from pursuing their ordinary calling for a period of four days"; that each of the respondents is indebted to the appellant in the sum of $371.27, that being the total of the amounts previously alleged to be due each of the assignors, after deducting ten dollars from the amount originally charged at the rate of three dollars for each eight hours of service. Judgment for $371.25 against each of the respondents is then prayed for.

There are several manifest uncertainties in the amended complaint, going to its very substance, but the demurrers were all general only, and they need not have been more to be effective.

If we view the action as one for the services of appellant's assignors, the amended complaint is insufficient, because it shows that they have been paid in full. Election officers, by express limitation contained in the statute, cannot be paid a greater compensation than ten dollars for each election during which they serve. (Pol. Code, sec. 1072.) The fact that the enactment applies to claims against the county treasury, while this action is against the supervisors as individuals, can make no difference. There was no contract, either express or implied, between the respondents and appellant's assignors. The latter have been paid the amount due them from the county treasury, the only source from which they could demand payment under the law.

If the action be regarded as one to recover damages, the amended complaint is equally defective. The action cannot be maintained by the appellant for the reason that the claims, being strictly personal and unconnected with any injury to property, are not assignable. The demands arise from an alleged omission tortious in character, and the rule just stated is the general rule as to such demands. (4 Cyc. 24; *Lawrence* v. *Martin,* 22 Cal. 173; *Archer* v. *Freeman,* 124 Cal. 528, 532, [57 Pac. 474].)

We need not take the time nor the space to mention other objections which respondents make to the sufficiency of appel-

lant's pleading. It is enough to say that it appears not to present the semblance of an actionable controversy.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 14, 1918.