[Civ. No. 5760. First Appellate District, Division One.—December 14, 1927.]

J. A. TRACY, Appellant, v. G. C. RINGOLE, Respondent.

J. E. Tracy, *in pro. per.*, and Wm. Steers for Appellant.

Samuel D. Hamburg for Respondent.

TYLER, P. J.—Action to enforce a lien for attorney's fees. The complaint alleges in substance that one Sperro

was seriously injured in an automobile accident and being in indigent circumstances he employed plaintiff upon a contingent fee to collect damages for his injuries. Plaintiff agreed to advance all costs and to render all necessary legal services in consideration of receiving one-third of any amount that might be finally recovered. The agreement, which was in writing, contained a clause giving to plaintiff a lien on the cause of action, and on any judgment that might be secured for the sum and share agreed upon, and it was provided that no substitution of attorneys could be had without plaintiff being first paid, except in the event of his misconduct. The complaint then charges that after plaintiff had performed certain services, defendant, an attorney at law, fraudulently, and for the purpose of depriving plaintiff of his fee, induced Sperro to discharge plaintiff as his attorney, without justifiable reason and caused and procured himself to be appointed and engaged as the attorney of Sperro, upon the same terms as plaintiff had been employed. That thereafter defendant herein made a settlement of the case with the defendants in the action and their insurance carriers for the sum of three thousand dollars. It is then claimed that plaintiff has a lien upon one-third of this amount for his fee under his contract with Sperro; that defendant knew of all the facts and circumstances concerning plaintiff's lien but, notwithstanding such knowledge, converted the amount thereof to his own use in fraud of plaintiff's rights. A demurrer was interposed to the complaint and sustained. This is an appeal from the order. ■ The sole question here presented is whether or not an attorney may, by contract with his client, provide for a lien upon an anticipated judgment for the amount of his contingent fee. As a general rule, the principles of law applicable to claims of attorneys for services in so far as their right thereto is concerned do not differ materially from those applicable to other contracts of employment, except by reason of the confidential relationship, extortionate agreements will not be upheld. It is well settled throughout the United States that an attorney may contract for his professional services and that such contract may fix the amount of the compensation. Indeed, the right of attorneys to compensation depends, in all cases, on a contract either express or implied. Any express contract, there-

forc, when fairly and honestly entered into, will control as between the parties and the construction of such contracts does not differ from the construction of contracts between other persons who sustain a like fiduciary relation toward each other. The right of an attorney to contract for a fee has found expression in our code of procedure. It is there provided that the measure and mode of compensation of attorneys is left to the agreement, express or implied, of the parties (Code Civ. Proc., sec. 1021). In most jurisdictions a lien for attorney's fees is expressly provided for by statute or is established by judicial decision. The lien is based on the idea that counsel should not be deprived of their compensation by the unfair conduct of their clients. The lien when provided for is generally described as being of two kinds; one called the general, retaining, or possessory lien, the other the special, or charging lien. The special or charging lien of an attorney has been held to be an equitable right to have the fees and costs due to him for services in a suit secured to him out of the judgment or recovery in the particular action, the attorney to the extent of such services being regarded as an equitable assignee of the judgment. It is based, as in the case of a lien proper, on the natural equity that a party should not be allowed to appropriate the whole of a judgment in his favor without paying for the services of his attorney in obtaining such judgment. The use of the term lien in this connection has been criticised as inaccurate and the right of the attorney has been said to be merely a claim to the equitable interference of the court (6 Cor. Jur., p. 767). In California there is no statute giving a lien to an attorney upon a judgment for services rendered in favor of his client, and they must consequently recover for their services in the ordinary mode (*McGown* v. *Dalzell,* 72 Cal. App. 197 [236 Pac. 941]). It has been said that the paucity of the California cases on attorney's liens, and particularly the entire absence of authority on retaining liens, is remarkable (3 Cal. Jur., p. 683). A lien, however, may be created by contract of the parties. Here the contract did provide for a lien and it is alleged that defendant had full knowledge of this fact. In such a case it has been held that the agreement for a lien is decisive as to its existence and amount, and it constitutes a valid equitable assignment of

the judgment *pro tanto* and creates a lien upon the specific fund notwithstanding that the action in which the judgment was obtained was on a cause of action for a tort in itself unassignable (6 Cyc., p. 742). See, also, *Goad* v. *Hart*, 128 Cal. 197 [60 Pac. 761]; *Hoffman* v. *Vallejo*, 45 Cal. 564.

We are of the opinion, therefore, that by reason of his contract plaintiff became the equitable owner of an undivided one-third of whatever sum might become due by reason of the prosecution of the action and that a lien was created in favor of plaintiff upon the fund in the hands of defendant; that defendant took such cause of action, and the money received therefrom in settlement, subject to plaintiff's interest therein, and thereupon became a constructive trustee of the cause of action and the moneys arising therefrom to the extent of plaintiff's interest. (*Hoffman* v. *Vallejo, supra; Goad* v. *Hart, supra.*) This being so, the complaint states a cause of action and the demurrer to the same was improperly sustained.

The judgment is reversed.

Knight, J., and Cashin, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 9, 1928.

All the Justices concurred.