[Civ. No. 7897. First Appellate District, Division Two.—August 24, 1931.]

JOHN CASSETTA et al., Respondents, v. GEORGE DEL FRATE, Defendant; WILLIAM J. GLORIA et al., Appellants.

'Alfred J. Hennessy and William J. Gloria, *in pro. per.*, for Appellants.

Jerome A. Duffy and E. A. McDonald for Respondents.

NOURSE, P. J.—Plaintiffs employed Mr. Gloria and Mr. Hennessy as their attorneys to prosecute an action in tort for injuries arising from a motor vehicle accident. After the suit was filed plaintiffs moved for leave to substitute other counsel. Their motion was granted and Mr. Gloria and Mr. Hennessy appeal upon a bill of exceptions.

The contract of employment was in writing. The parties agreed to pay their counsel fifty per cent "of all amounts recovered by suit or settlement or compromise and said assignment shall be a lien on any judgment or any amount recovered by judgment or compromise or settlement".

On the strength of this assignment appellants insist that they have an interest in the subject matter of the action which prevents their discharge as attorneys under the rule of *Gage* v. *Atwater,* 136 Cal. 170, 172 [68 Pac. 581], and *Kirk* v. *Culley,* 202 Cal. 501, 505 [261 Pac. 994]. Their assignment, however, is merely an assignment of the proceeds of the judgment or settlement. As such it creates a lien upon the fund recovered. (*Hoffman* v. *Vallejo,* 45 Cal.

564, 572; *Goad* v. *Hart*, 128 Cal. 197, 201 [61 Pac. 761, 964]; *Tracy* v. *Ringole*, 87 Cal. App. 549, 552 [262 Pac. 73].)

But a lien upon the judgment does not alone create an interest in the subject matter of the suit which would entitle the holder to control the litigation (*Todd* v. *Superior Court*, 181 Cal. 406, 419 [7 A. L. R. 938, 184 Pac. 684]; *Scott* v. *Superior Court*, 205 Cal. 525, 532 [271 Pac. 906]), and it is the interest in the subject matter which is the controlling factor. The complaint in the main case is not in the record, but it is stated in the bill of exceptions that the action is one for "injuries" received by plaintiffs in an automobile collision. If the action is for personal injuries alone it is not capable of assignment. (*Oliver* v. *Walsh*, 6 Cal. 456; *Jones* v. *Manning*, 35 Cal. App. 321, 323 [169 Pac. 912].) If it involves damages to property, it might be assigned to that extent. (3 Cal. Jur. 256; Civ. Code, sec. 954; *Stapp* v. *Madera Canal & Irr Co.*, 34 Cal. App. 41, 46 [166 Pac. 823].) If the cause comes within the class of cases "arising out of the violation of a right of property", which are made assignable under the code section, it was incumbent upon appellant to show that fact. Upon the record before us we must conclude that the interest of appellants under their assignment is, therefore, an interest in the proceeds collected under their power, and this power is not one "coupled with an interest in the subject of the agency" within the meaning of section 2356 of the Civil Code. In the absence of such a relation the client has the absolute right to change his attorney at any stage in the action. (*Gage* v. *Atwater*, 136 Cal. 170, 172 [68 Pac. 581]; *Scott* v. *Superior Court*, 205 Cal. 525, 531 [271 Pac. 906].)

The order is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 23, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 22, 1931.