[L. A. No. 16957. In Bank.—April 25, 1941.]

WILLIAM H. HAUPT, Respondent, v. CHARLIE'S KOSHER MARKET et al., Defendants; LUCRETIA M. WHITEHEAD, Appellant.

E. O. Leake and J. J. Leake for Appellant.

William H. Haupt, *in pro. per.*, and Charles W. Cradick for Respondent.

GIBSON, C. J.—This is an appeal by an attaching creditor from a judgment giving priority to an attorney's lien.

Plaintiff, an attorney, was employed by one Mason to prosecute a personal injury action against certain of the above-named defendants. Plaintiff proceeded under a contingent-fee contract which provided that he should receive one-third of any recovery and should have a "lien on the said cause of action, judgment, settlement, amount due or to be paid or become due" for his fee and to repay costs advanced by him.

As a result of plaintiff's successful prosecution of the personal injury action, a judgment was entered for his client on April 8, 1938, for $2,750. On motion for new trial and pursuant to stipulation the amount was reduced to $1800. Judgment in the latter amount became final on May 26, 1938. Under his contract, plaintiff thereby became entitled to a fee of $600 plus $189.13 advanced by him for costs. Immediately upon return of the verdict in favor of his client, plaintiff notified the defendants in the personal injury action of the lien which he claimed on the proceeds. At or about this time the defendant Whitehead, a creditor of plaintiff's client, levied two attachments on the entire amount due under the judgment. The first attachment was levied after verdict but before entry of judgment, while the second was levied after entry of judgment but before it became final.

In view of the conflicting claims to the proceeds of the judgment, the defendants in the personal injury action and their insurance carrier asserted the right to withhold payment until the issue of priority was determined. Plaintiff then brought this action naming as defendants his client, the defendants in the personal injury action, their insurance carrier, the attaching creditor and the sheriff. The complaint is in three counts, the first for declaratory relief, the second for recovery of $789.13 and enforcement of the lien therefor, and the third to enjoin *pendente lite* payment of the judgment

to the sheriff under the attachment. The attaching creditor alone filed an answer, whereupon plaintiff made a motion, supported by affidavits, for summary judgment as provided in section 437c of the Code of Civil Procedure. Again, the attaching creditor alone offered opposition, urging priority of her attachment claim. The court below granted the motion and decreed that plaintiff had a lien in the amount of $789.13 upon the proceeds of the personal injury judgment, and gave judgment in that amount, with interest and costs. The attaching creditor prosecutes this appeal.

 It is argued by appellant that this is not a proper case for summary judgment. The second count of the complaint states a cause of action "upon a liquidated demand" and "to enforce . . . a lien" therefor, within the meaning of section 437c of the Code of Civil Procedure authorizing summary judgment in such cases.

 The priority issue was properly resolved in favor of plaintiff's attorney's lien, created by written contract with his client. In *Tracy* v. *Ringole*, 87 Cal. App. 549 [262 Pac. 73], wherein was involved an attorney's contingent-fee contract with provision for a lien, as here, it is declared that "The special or charging lien of an attorney has been held to be an equitable right to have the fees and costs due to him for services in a suit secured to him out of the judgment or recovery in the particular action, the attorney to the extent of such services being regarded as an equitable assignee of the judgment. It is based, as in the case of a lien proper, on the natural equity that a party should not be allowed to appropriate the whole of a judgment in his favor without paying for the services of his attorney in obtaining such judgment. The use of the term lien in this connection has been criticised as inaccurate and the right of the attorney has been said to be merely a claim to the equitable interference of the court (6 Cor. Jur., p. 767). In California there is no statute giving a lien to an attorney upon a judgment for services rendered in favor of his client. . . . . . . A·lien, however, may be created by contract of the parties. Here the contract did provide for a lien. . . . In such a case it has been held that the agreement for a lien is decisive as to its existence and amount, and it constitutes a valid equitable assignment of the judgment *pro tanto* and creates a lien upon the specific fund notwithstanding that the action in which the judgment was obtained was

on a cause of action for a tort in itself unassignable (6 Cyc., p. 742). See, also, *Goad* v. *Hart*, 128 Cal. 197 (60 Pac. 761 [964]); *Hoffman* v. *Vallejo*, 45 Cal. 564.''

The foregoing case is cited with approval in *City of Los Angeles* v. *Knapp*, 7 Cal. (2d) 168, 173 [60 Pac. (2d) 127]. See, also, *Cassetta* v. *Del Frate*, 116 Cal. App. 255 [2 Pac. (2d) 533]; 11 So. Cal. L. Rev. 291, 293; 7 C. J. S. 1146, sec. 211b. ██ It is settled that an attachment lien reaches only the interest of the debtor in the attached property and is therefore subject to prior equities against the debtor. (*McGee* v. *Allen*, 7 Cal. (2d) 468, 473 [60 Pac. (2d) 1026]; *Burns* v. *Peters*, 5 Cal. (2d) 619, 625 [55 Pac. (2d) 1182.]

██ Plaintiff's attorney's lien, created by contract with his client, was therefore properly given priority over the subsequent attachment, assuming the propriety of the latter. (7 C. J. S. 1176, 1177, sec. 229; 2 Thornton on Attorneys at Law, 986, sec. 589.) As stated in the latter text, ''an attorney's lien will prevail as against proceedings in attachment [or] garnishment . . . ''.

The judgment is affirmed.

Shenk, J., Curtis, J., Edmonds, J., Carter, J., and Traynor, J., concurred.