[Civ. No. 12219.  First Dist., Div. One.  Jan. 19, 1943.]

RICHARD WAGNER, Respondent, v. MARY SARIOTTI
et al., Appellants.

Action to enforce an equitable lien and constructive trust upon real property. Judgment for plaintiff affirmed.

George Moncharsh for Respondent.

PETERS, P. J.—Defendants prosecute this appeal from a judgment for plaintiff rendered in an action to enforce an equitable lien and constructive trust upon certain real property owned by defendants. The appeal is taken on a bill of exceptions. The only exceptions noted are to the orders overruling the defendants' general demurrer to the first amended complaint, and denying defendants' motion for judgment on

the pleadings. The sole issue presented, therefore, is whether the first amended complaint states a cause of action.

From the first amended complaint it appears that defendants had taken a transfer of property from Francesco Calicchio, and, in return, had promised to support him. Defendants broke this contract. Calicchio employed plaintiff, an attorney at law, to represent him in any action he might have against defendant Mary Sariotti. As evidence of this employment on August 19, 1938, the following letter was signed by Calicchio and delivered to plaintiff:

"Dear Sir:

"I hereby retain you as my attorney with reference to any actions or proceedings which you may take against Mary Sariotti, either to recover money or property which I previously deeded to said Mary Sariotti.

"For your services I agree to pay a sum equivalent to one-third of any recovery that you may obtain for me. In the event that you do not recover any money or property for me, then I will owe you nothing for your services.

"This letter has been read to me and I understand its contents and agree to the same."

On the next day Calicchio executed the following assignment:

"For value received I hereby set over, assign and transfer unto Richard Wagner a one-third ($\frac{1}{3}$) interest in any and all moneys and/or property which he may recover for me from Mary Sariotti."

It is alleged that at all times concerned Calicchio was without funds and had no money with which to commence and pursue any litigation, and that this fact was known to defendants; that on April 1, 1939, plaintiff, as attorney for Calicchio, instituted suit against defendants; that in that action damages were sought for breach of defendants' contract to support Calicchio for the two-year period immediately preceding April 1, 1939; that on August 1, 1939, judgment was rendered against defendants and in favor of Calicchio for $960 and costs; that on September 30, 1939, plaintiff filed an identical suit to recover for the breach of contract to support from March 31, 1939, to September 30, 1939; that the complaint in the second action prayed for judgment against appellants for $350 and costs; that a writ of execution was issued on October 13, 1939; that on that day the sheriff was instructed to levy upon all of the interest of the defendants in certain described real property; that this prop-

erty, free of incumbrances, was reasonably worth $5,500; that on October 24, 1939, the sheriff levied upon that real property; that on December 4, 1939, the sheriff sold the right, title and interest of Mary Sariotti to Calicchio, the judgment creditor; that during this period defendants knew that Calicchio had retained plaintiff as his attorney; that they knew that he had assigned to plaintiff a one-third interest in any money and/or property which plaintiff might recover; that they knew that judgment had gone against them in Calicchio's favor; that they knew that the second suit had been started on September 30, 1939; and that they knew that the aforementioned execution proceedings had been held.

The complaint then alleges that shortly prior to December 4, 1939 (the date of the execution sale), defendants, for the purpose of depriving Calicchio of any claims which he might have, and to deprive plaintiff of his right to receive compensation and reimbursement for moneys advanced by him to Calicchio, removed Calicchio, who was seventy years of age, partially blind, suffering from diabetes, and having already suffered the amputation of one leg, from the Laguna Honda Home in San Francisco to their home and induced him, without the advice of counsel, and without plaintiff's knowledge, to execute papers purporting to retransfer to them any of the realty which he might acquire on the execution sale, and to cause a termination of the municipal court action started September 30, 1939. It is alleged that Calicchio was completely incapable of understanding the nature of what he was doing, and that he received no consideration from defendants in exchange; that defendants have paid nothing on the August 1st judgment; that defendants assert that any interest in the realty which was acquired by Calicchio was transferred to them by virtue of the documents which they caused Calicchio to execute. It is also alleged that, after securing the documents above mentioned, defendants returned Calicchio to the Laguna Honda Home where he died without any estate whatever.

The prayer of the complaint is that plaintiff have judgment against defendants for $602.37. This sum is made up of one-third of the original judgment, plus interest, one-third of the $350 prayed for in the second action which Calicchio was induced by defendants to terminate, and certain advances made by plaintiff in financing the actions. The complaint also prays that defendants be declared constructive trustees of the real property involved for the benefit of plaintiff to the

extent of $602.37, plus interest; that the real property be charged with a lien in plaintiff's favor in that amount, and that the sheriff be ordered to sell it, or such of it as might be necessary to satisfy plaintiff's claim and interest thereon. Judgment was granted substantially in accordance with the prayer of the complaint.

Defendants argue that plaintiff has no cause of action against them for the reason that the contingent fee agreement and the assignment did not create in plaintiff a power coupled with an interest. There can be no doubt that the contract and assignment did not create a power coupled with an interest. (*Wright* v. *Security First Nat. Bank,* 13 Cal.2d 139 [88 P2d 125] ; *Cassetta* v. *Del Frate,* 116 Cal.App. 255 [2 P.2d 533].) Defendants argue that, because of this fact, there can be no equitable lien. That is a *non sequitur.* The question as to whether plaintiff, as against Calicchio, possessed a power coupled with an interest, is entirely distinct from the question as to whether plaintiff possessed an interest in the nature of an equitable lien. The equitable lien could exist without being coupled with a power. Under the facts alleged, we are of the opinion that plaintiff possessed an equitable lien, and that the purported transfer by Calicchio to defendants was subject to that lien.

In this state an attorney has neither a retaining nor charging lien for compensation on a judgment secured by his services in the absence of a contract containing an agreement for a lien. (*Ex parte Kyle,* 1 Cal. 331.) But the attorney may secure such a lien by contract. (*Tracy* v. *Ringole,* 87 Cal.App. 549 [262 P. 73] ; *Haupt* v. *Charlie's Kosher Market,* 17 Cal.2d 843 [112 P.2d 627] ; *City of Los Angeles* v. *Knapp,* 7 Cal.2d 168 [60 P.2d 127].) In order to create such a lien the parties are not required to use the word "lien" in their contract. The real question in each case is, whether or not the parties have contracted that the lawyer is to look to the judgment he may secure as security for his fee. If so, an equitable lien is created. (See annotation in 93 A.L.R. 667, at p. 681, et seq., where many cases are collected and discussed; see, also, 7 C.J.S., p. 1146, § 211(b) ; 29 Cal.L.Rev. 628.) The contract for such lien may be made lawfully before judgment is secured. (§ 2883, Civ. Code.) The contract may be entered into before the performance of the legal services. (§ 2884, Civ. Code; *McGown* v. *Dalzell,* 72 Cal.App. 197 [236 P. 941].) Such a lien is, in reality, an equitable as-

signment for security, and is fundamentally different from a power coupled with an interest.

■ The equity courts look with favor upon equitable liens, and frequently such liens are employed to do justice and equity and to prevent unfair results. (*Carter* v. *Holt,* 28 Cal.App. 796 [154 P. 37]; *Hurley* v. *Atchison, Topeka & Santa Fe Ry.,* 213 U.S. 126 [29 S.Ct. 466, 53 L.Ed. 729]; *Red Bud Realty Co.* v. *South,* 96 Ark. 281 [131 S.W. 340]; *Pacific Ready Cut Homes* v. *Title I. & T. Co.,* 216 Cal. 447 [14 P.2d 510]; *City of Los Angeles* v. *Knapp, supra.*)

■ Tested by these standards, there is no doubt that in this case it should be held that an equitable lien was created. The parties clearly contracted that the attorney must look to the property recovered for his payment. Moreover, the allegations of the complaint demonstrate that defendants have committed an aggravated fraud on Calicchio and plaintiff. All the equities are in favor of plaintiff. Defendants have no compensating equities in their favor. Under such circumstances it seems quite clear to us that plaintiff has alleged facts demonstrating that he possesses an equitable lien, and that such lien has priority over any claim of defendants.

Of course, prior to December 4, 1939, Calicchio had but a judgment and execution lien on the property. He had no title. Before he secured title, as a result of the fraud and undue influence of defendants, he purported to "retransfer" to defendants whatever rights he might get in the property at the execution sale on December 4th, and to dismiss the existing action. On December 4, 1939, he secured title at the execution sale. The after-acquired title thus secured immediately passed to defendants by virtue of the instruments of "retransfer." (§ 1106, Civ. Code.) In other words, on December 4th defendants received whatever interest Calicchio got at the execution sale. But the title secured by Calicchio at the execution sale was subject to the equitable lien of plaintiff. According to the allegations of the complaint (and also according to the findings which are not challenged), defendants knew of the rights of plaintiff, and one of the purposes of securing the transfer agreement was to deprive plaintiff of his right to compensation and reimbursement. Defendants secured the agreement by fraud and undue influence. They gave Calicchio no consideration therefor. Defendants are not purchasers for value, in good faith. They not only paid nothing for the "retransfer," and had actual notice of plaintiff's lien, but they secured the "retransfer" for the very purpose

of defeating the plaintiff's lien. The after-acquired title of Calicchio was subject to the lien of plaintiff. It follows, that as against plaintiff, defendants must be held to have received the after-acquired title subject to plaintiff's rights.

The judgment appealed from is affirmed.

Knight, J., and Ward, J., concurred.