[Civ. No. 7207.  Fourth Dist.  Jan. 24, 1964.]

IRWIN GOSTIN et al., Plaintiffs and Respondents, v. STATE FARM INSURANCE COMPANY, Defendant and Appellant.

322

Oakes & Horton, Burch, Gregory & Platt and R. Sherman Platt for Defendant and Appellant.

Irwin Gostin, in pro. per., and Gostin & Katz for Plaintiffs and Respondents.

COUGHLIN, J.—The plaintiffs, respondents herein, are attorneys at law; entered into a "Retainer Agreement" with a man named Cook, who retained them to prosecute his personal injury claim for damages; contend that this agreement provided for payment of a contingency fee; advised the defendant insurance company, appellant herein, which was the insurer of the person against whom the subject claim was to be made, that they had been retained to represent Cook; were discharged by Cook; notified the defendant company that, under their agreement aforesaid, they intended to enforce a lien in their favor upon one-third of any amount paid to Cook in settlement of the latter's claim; and brought this action against Cook and the insurance company to recover an amount equal to one-third of $4,370, being the sum subsequently paid by the insurance company to Cook in settlement of the latter's claim. Cook was not served and did not appear in the action. Judgment for $1,456.66 was rendered in favor of the plaintiffs against the defendant insurance company, and the latter has appealed.

The "Retainer Agreement" is in writing; was signed by the client Cook, alone; recited that in consideration of the legal services to be rendered by the plaintiffs in the prosecution of his claim, he appointed them as his attorneys, and stated, "I, . . . do set over and assign to them a lien of 33⅓ percent of any and all amounts recovered by compromise . . ."; and contains other provisions not material to the decision at hand. The agreement does not expressly provide for the payment of any attorney's fees; on its face does not assign to the attorneys a one-third interest in any compro-

mise recovery; but appears to be limited to the creation of a lien.

No evidence was introduced at the trial. It was there agreed, in substance, that the allegations of the complaint not denied by the answer were true; that the court should make findings accordingly; and that its decision would be based thereon. The court found the facts to be as hereinbefore stated, including the execution of the subject agreement; did not find that Cook had agreed to pay the plaintiffs an attorney's fee, or that they were to receive a fee, either in a stated amount or a percentage of his recovery; did not find that the discharge of plaintiffs by Cook was wrongful, the formers' allegation to this effect in their complaint being denied by the answer; and, as a conclusion of law, determined that the plaintiffs were entitled to recover from the insurance company one-third of the settlement amount which it had paid to Cook.

The obvious question presented by the foregoing recital of facts and circumstances is whether the findings of fact made by the court support its conclusion of law in the premises.

The plaintiffs assert that they performed services of a legal nature for Cook until they were discharged, and that the court found accordingly. The finding in question stated: "Plaintiffs notified defendant insurance carrier that they were representing LEROY COOK for all purposes in connection with his claim for personal injuries and performed services of a legal nature on behalf of said LEROY COOK and expended costs on his behalf." The finding as made determines only that the plaintiffs notified the defendant that they had rendered services for Cook, and not that they actually had rendered such services. Even though the plaintiffs' interpretation thereof be accepted, nevertheless, the finding must be rejected by this court as the allegations of their complaint with respect to the rendition of services were denied by the answer, and were not among those allegations which the parties at the time of trial had agreed were true. Under these circumstances, the finding is without support in the evidence.

It is settled in California that an attorney's lien against the prospective recovery of a client upon his claim, to secure the payment of a contingency fee for services to be rendered in connection therewith, may be created by contract. (*Haupt* v. *Charlie's Kosher Market*, 17 Cal.2d 843, 845 [112 P.2d 627]; *Wagner* v. *Sariotti*, 56 Cal.App.2d 693, 697

[133 P.2d 430]; *Tracy* v. *Ringole,* 87 Cal.App. 549, 551 [262 P. 73].) ■ The effect of such a contract, or its counterparts by which the client agrees that the attorney, as a fee in the premises, shall have a percentage of whatever amount is recovered, has been characterized as creating a charging lien (*Tracy* v. *Ringole, supra,* 87 Cal.App. 549, 551); as constituting an equitable assignment *pro tanto* of the client's claim and his right to recover thereon as security (*Haupt* v. *Charlie's Kosher Market, supra,* 17 Cal.2d 843, 845; *Wagner* v. *Sariotti, supra,* 56 Cal.App.2d 693, 697-698); as vesting in the attorney an equitable interest in the client's recovery as security (*Jones* v. *Martin,* 41 Cal.2d 23, 27 [256 P.2d 905]); or, more correctly stated, as entitling the attorney to any available equitable remedy necessary to effect payment of his fee for services rendered in connection with his client's claim out of any recovery upon that claim. (*City of Los Angeles* v. *Knapp,* 7 Cal.2d 168, 174 [60 P.2d 127]; *Tracy* v. *Ringole, supra,* 87 Cal.App. 549, 551.) ■ To this end the law provides that the client's debtor, who has notice of the lien, will not be discharged from his obligation in the premises by subsequent performance rendered to the client, unless the attorney has waived or is estopped to assert his lien. (*Jones* v. *Martin, supra,* 41 Cal.2d 23, 27-28.)

■ In all instances, the purpose of the attorney's lien is to secure to him the payment of his fee out of any recovery upon the claim of his client in connection with which he agreed to render or has rendered services. (*Wagner* v. *Sariotti, supra,* 56 Cal.App.2d 693, 697; *Tracy* v. *Ringole, supra,* 87 Cal.App. 549, 551.)

■ In the ordinary contingency fee agreement, the amount of the fee to be paid is agreed upon; may be a specified sum; or may be a percentage of the recovery. ■ Although the client has a right to discharge the attorney retained pursuant to such an agreement at any time (*Salopek* v. *Schoemann,* 20 Cal.2d 150, 155 [124 P.2d 21]), where he does so without legal cause he is obligated to pay the full amount of the agreed fee, even though the attorney does not, perforce of such discharge, complete the services contemplated. (*Jones* v. *Martin, supra,* 41 Cal.2d 23, 27; *Salopek* v. *Schoemann, supra,* 20 Cal.2d 150, 155.) ■ On the other hand, where the discharge is for sufficient cause the attorney is entitled to recover only the value of the services actually rendered. (*Salopek* v. *Schoemann, supra,* 20 Cal.2d 150, 153.)

■ In either event, the attorney may enforce the lien created by his contract of employment and obtain payment of

the fee due him from the amount recovered on the client's claim. (*Salopek* v. *Schoemann, supra,* 20 Cal.2d 150, 156.) "A lien is a charge imposed ... upon specific property by which it is made security for the performance of an act." (Civ. Code, § 2872; Code Civ. Proc., § 1180.)

■ Under a contingency fee agreement creating an attorney's lien, the property upon which the lien is a charge is the obligation to pay the amount recovered upon the client's claim. The "act" for the performance of which that "property" is made security is the payment of an attorney's fee.

■ The agreement creating the lien does not necessarily create the act for the performance of which the property subject to the lien is made security. Unless the attorney is entitled to a fee for services which he agreed to render, or which he has rendered, there is no obligation in his favor which can be the subject of an action to enforce performance thereof through the media of a lien against the recovery obtained on the claim of his client. ■ An enforceable lien is dependent upon an existing obligation the performance of which is secured by the property upon which the lien is a charge. (*East Bay Municipal Util. Dist* v. *Garrison,* 191 Cal. 680, 692 [218 P. 43]; *Pacific Finance Corp.* v. *Hendley,* 119 Cal.App. 697, 704 [7 P.2d 391].)

■ In the instant case, the trial court did not find that the client Cook expressly agreed that the plaintiffs be paid 33⅓ per cent of any recovery upon his claim. As heretofore noted, the finding that they rendered services to him in connection with that claim is not supported by the evidence. Furthermore, there was no evidence of the reasonable value of any such services. As a consequence, there was no obligation, either express or implied, the performance of which could be enforced by applying equitable remedies to the lien created by the "Retainer Agreement" at hand.

The plaintiffs contend that the creation of an attorney's lien does not depend upon the personal liability of the client to pay the fee which it is given to secure, citing Civil Code section 2890; for this reason, it was not necessary to allege or prove that Cook had agreed to pay them a fee; and, therefore, the judgment of the trial court was proper. This contention does not direct itself to the basic issue at hand, which is the lack of a finding of any agreement, either express or implied, for the payment of any fee, the performance of which is secured by the subject lien. ■ It may be the fact that, because of an agreement between the parties, Cook is not personally

liable for the payment of any fee to the plaintiffs. However, the lack of any personal liability upon the part of the client to pay the attorney a fee does not obviate the necessity of an agreement, either express or implied, that the attorney should be paid for his services, in order that there be an ''act'' the performance of which is secured by the attorney's lien against the amount recovered on the client's claim.

The defendant contends that, in any event, the plaintiffs were required, as a condition precedent to recover in the instant action, to show that their discharge was wrongful. There is no merit to this contention. ▮▮▮ An averment that an attorney had been discharged by his client without legal cause is negative in character; even though assumed to be necessary to a complaint by the former to enforce a lien against a recovery upon the claim of the latter, it would not constitute a part of the substantive cause of action relied upon; and, under such circumstances, the attorney would not have the burden of proving such. (*Melone* v. *Ruffino*, 129 Cal. 514, 519 [62 P. 93, 79 Am.St.Rep. 127] ; *Craddock* v. *O'Brien*, 104 Cal. 217, 220 [37 P. 896] ; *Hosang* v. *Minor*, 205 Cal.App. 2d 269, 274 [22 Cal.Rptr. 794].)

We make no determination with respect to the propriety or availability of a showing that the client, Cook, in fact agreed that the plaintiffs should receive a fee, contingent upon recovery, to secure the payment of which he set over and assigned the lien referred to in the ''Retainer Agreement''; or that, in setting over to the plaintiffs a lien ''of'' a designated percentage of the amount recovered the ''Retainer Agreement,'' when considered as a whole, ambiguously expressed an intent to set over a specified precentage of that amount in consideration of legal services to be rendered. Our conclusion is based upon the pleadings, proof, and findings at hand; does not foreclose a determination on a retrial of the matter, upon proper pleadings and proof, that the agreement in question actually although ambiguously set over to the plaintiffs a designated percentage of the amount recovered, or that they are entitled to a fee which was secured by a lien created thereby; nor deprives them of the remedies available under the law to recover the amount of any fee secured by such lien.

The judgment is reversed.

Griffin, P. J., and Brown (Gerald), J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied March 18, 1964.