[Civ. No. 45777. Second Dist., Div. Four. Sept. 23, 1975.]

MARVIN H. WEISS, Plaintiff and Appellant, v.
BRADLEY D. MARCUS et al., Defendants and Respondents.

**COUNSEL**

Marcus, Wechsler & Weiss and Alvin Wechsler for Plaintiff and Appellant.

Levinson, Marcus & Bratter, Levinson & Lieberman, Jonathan A. Brod and Parker S. Kennedy for Defendants and Respondents.

## Opinion

**DUNN, J.**—In this action to recover the reasonable value of legal services, Plaintiff appeals from an order (judgment, Code Civ. Proc., § 581d) dismissing the action as to defendants Levinson, Marcus & Bratter and Bradley D. Marcus after the trial court sustained defendants' demurrer to plaintiff's first amended complaint without leave to amend.[1]

In addition to the dismissed defendants,[2] the first amended complaint named as defendants: Edward Oran, Firemans Fund American Insurance Co. (hereinafter "Firemans") and Continental Insurance Co. (hereinafter "Continental"). The first amended complaint contained eight counts, each of which incorporated the allegations of all preceding counts.

The first count of the amended complaint alleged against defendant Oran: on February 1, 1970, Oran, by oral agreement, employed plaintiff to act as his attorney in prosecuting Oran's claim against one Robert Novick on account of "injuries and/or damages;" by the terms of the oral agreement, Oran agreed to pay plaintiff, as fees for legal services to be rendered, "30 percent of all amounts recovered before the cause of action was given a pretrial date, and 37½ percent of all amounts recovered thereafter, by compromise or judgment;" by written agreement dated February 1, 1970, Oran granted plaintiff a lien on all amounts recovered,[3] as security for payment of the fees due plaintiff

---

[1]The notice of appeal states that plaintiff appeals "from the Minute Order . . . dated October 4, 1974 sustaining Demurrer of Defendants to the Complaint [*sic*] without leave to amend and dismissing Plaintiff's action as to said Defendants."

An order sustaining a demurrer without leave to amend is not appealable (*Covarrubias v. James* (1971) 21 Cal.App.3d 129, 131 [98 Cal.Rptr. 257]); the appeal must be taken from the ensuing order of dismissal, which constitutes a judgment. (Code Civ. Proc., § § 581d, 904.1, subd. (a); *Lavine* v. *Jessup* (1957) 48 Cal.2d 611, 614 [311 P.2d 8]; *California State Employees' Assn.* v. *Flournoy* (1973) 32 Cal.App.3d 219, 222 [108 Cal.Rptr. 251]; *Dollar-A-Day Rent-A-Car Systems, Inc.* v. *Pacific Tel. & Tel. Co.* (1972) 26 Cal.App.3d 454, 455-456 [102 Cal.Rptr. 651].) Liberally construed, the notice of appeal in the instant case is an appeal from the order of dismissal, and we so view it. (See *Curnutt* v. *Holk* (1962) 203 Cal.App.2d 6, 7 [21 Cal.Rptr. 224]; *Smith* v. *Smith* (1954) 126 Cal.App.2d 194, 195 [272 P.2d 118].)

[2]The caption of the first amended complaint designates as a defendant "BRADLEY D. MARCUS, individually and doing business as LEVINSON, MARCUS & BRATTER." Levinson, Marcus & Bratter is not named as a defendant in the caption. In the body of the amended complaint, however, Bradley Marcus (individual) and Levinson, Marcus & Bratter (business entity) are referred to as two separate defendants; as such, they demurred jointly to the first amended complaint.

[3]The first amended complaint recites that a copy of the written lien agreement is attached to the amended complaint. However, no copy of the agreement is attached to

under the oral agreement; in pursuance of his employment by Oran, plaintiff commenced an action in the Los Angeles County Superior Court on behalf of Oran against Novick; plaintiff diligently prosecuted such action until July 16, 1972, when he was discharged by Oran without cause; during the course of his employment by Oran, and at his special instance and request, plaintiff performed work, labor and services of the reasonable value of $6,750; on November 28, 1973, Oran recovered $35,000 by way of settlement of his action against Novick; plaintiff thereupon became entitled to his reasonable attorney's fee of $6,750, but Oran has refused to pay such sum, or any part thereof.

The second count entitled (money had and received), against Oran and Bradley D. Marcus, alleged: on December 13, 1972, Levinson, Marcus & Bratter and Bradley D. Marcus became Oran's attorneys of record in his action against Novick; on November 26, 1973, a settlement was negotiated in said action by which the sum of $35,000 was to be paid to Oran; on the same date, plaintiff filed a "Notice of Motion to Establish Priority of Lien" in Oran v. Novick, setting forth plaintiff's claim in the sum of $6,750 for legal services rendered to Oran; plaintiff served copies of the notice on Marcus and on the agents for defendants Firemans and Continental; on November 28, 1973, Firemans and Continental disbursed the settlement of $35,000, in the form of drafts, to Oran and Marcus;[4] the drafts were paid on December 4, 1973, and the sum of $35,000 thereafter was paid to Oran and Marcus, among others; no part of said sum was paid to plaintiff; Oran, Marcus and Levinson, Marcus & Bratter became indebted to plaintiff in the sum of $6,750 for money had and received by said defendants, and each of them, for the use and benefit of plaintiff; no part of said sum has been paid.

The third count (conversion), against Oran and Levinson, Marcus & Bratter and Bradley D. Marcus, alleged: upon receipt of the sum of $35,000 these defendants, and each of them, were aware that $6,750 of

the amended complaint in the record on appeal, and the superior court file (which we have examined pursuant to Cal. Rules of Court, rule 12(a)) discloses that no such copy was attached to the amended complaint filed in that court. A copy of the lien agreement was attached to the original complaint, but as the amended complaint did not refer to that copy it did not become a part of the amended complaint. (Compare 3 Witkin, Cal. Procedure (2d ed.) Pleading, § 325, pp. 1992-1993.) No point concerning this apparent oversight in pleading is raised by either party; accordingly, we ignore it in our discussion hereinafter.

[4]Nowhere in the amended complaint does plaintiff allege the significance of Firemans and Continental in this action. It is inferable from the complaint's allegations that 'such defendants were insurers of Novick in Oran's lawsuit against him, and that they disbursed (on behalf of Novick) the proceeds of the settlement negotiated in that lawsuit.

said sum belonged to and was the property of plaintiff by virtue of his lien for attorney's fees which attached to the proceeds of the settlement in Oran v. Novick; despite such knowledge, on December 4, 1973, defendants converted the sum of $6,750 to their own use, to plaintiff's damage in the amount of $6,750; in converting said sum, defendants acted willfully and maliciously, entitling plaintiff to punitive damages of $15,000.

The fourth count (unjust enrichment), against Levinson, Marcus & Bratter and Bradley D. Marcus, alleged: from the date of their substitution as Oran's attorneys in Oran v. Novick, these defendants were fully aware of the work and effort expended by plaintiff on said lawsuit while he was Oran's attorney; in effecting a settlement of the lawsuit and in collecting the fees which they were paid as Oran's attorneys, said defendants "exploited the work product of" plaintiff, and thereby were unjustly enriched in the sum of $6,750.

The fifth count (breach of trust), against Oran and Levinson, Marcus & Bratter and Bradley D. Marcus, alleged: upon receipt of the proceeds of the settlement in Oran v. Novick, defendants held such proceeds as trustees for the benefit of those persons entitled thereto; among said beneficiaries was plaintiff, to the extent of the legal fee of $6,750 to which he was entitled; in breach of their duties as trustees, defendants on December 4, 1973, disbursed the sum of $6,750 (which they held as trustees for the benefit of plaintiff) to others, including themselves, all to plaintiff's damage in the sum of $6,750, together with punitive damages of $15,000 for acting maliciously, etc.

The sixth count (interference with contractual relationship), against Levinson, Marcus & Bratter and Bradley D. Marcus, alleged: the lien contract between plaintiff and Oran was a valid and existing contract on November 26, November 28 and December 4, 1973; said defendants had knowledge of the lien contract; defendants, intending to induce breach of that contract, advised Oran that neither he nor they were obliged to withhold, from the proceeds of the settlement in Oran v. Novick, any sums which were due plaintiff; in breach of his lien contract with plaintiff, Oran refused to pay plaintiff the sum due him for legal services rendered; such breach of contract was caused by defendants' unjustified and wrongful conduct, and by reason thereof, plaintiff was damaged in the sum of $6,750.

The seventh count (disregard of known lien rights), against Levinson, Marcus & Bratter, Bradley D. Marcus and Firemans and Continental,

alleged: from December 13, 1972, to December 4, 1973, each of said defendants had knowledge of plaintiff's lien rights against any sums recovered in Oran v. Novick by way of judgment or settlement; in total disregard of plaintiff's lien rights, defendants disbursed to Oran the proceeds of the settlement in said lawsuit, to plaintiff's damage in the sum of $6,750; in doing the things alleged, defendants acted willfully and maliciously, entitling plaintiff to punitive damages of $15,000.

The eighth count (breach of duty to give plaintiff reasonable time to protect his lien), against Levinson, Marcus & Bratter, Bradley D. Marcus and Firemans and Continental, alleged: at all times, said defendants had the duty to give plaintiff a reasonable opportunity to protect his lien; in breach of said duty, defendants willfully and wrongfully disbursed the proceeds of the settlement in Oran v. Novick without giving plaintiff such an opportunity, to plaintiff's damage in the sum of $6,750; in doing the things alleged, defendants acted willfully and maliciously, entitling plaintiff to punitive damages of $15,000.

Defendants Levinson, Marcus & Bratter and Bradley D. Marcus demurred generally to counts two through eight of the first amended complaint. The trial court sustained the demurrer to each count without leave to amend "per defendants' points and authorities." (Code Civ. Proc., § 472d.) Accordingly, an order was entered dismissing plaintiff's action as to defendants Levinson, Marcus & Bratter and Bradley D. Marcus.[5] (Code Civ. Proc., § 581, subd. 3.)

Plaintiff concedes that, as to counts two, three, five, seven and eight, no cause of action is stated unless a lien exists for recovery of the reasonable value of plaintiff's legal services. Thus, it is necessary initially to determine (1) whether a lien was created when plaintiff was employed as Oran's attorney, and, if so, (2) whether the lien survived plaintiff's discharge by Oran.

An attorney's lien against the prospective recovery of a client upon his claim, to secure the payment of a contingent fee for services to be rendered in connection therewith, may be created by contract. (*Isrin* v. *Superior Court* (1965) 63 Cal.2d 153, 157 [45 Cal.Rptr. 320, 403 P.2d

---

[5]Since the dismissal eliminated these defendants from the action, the order is appealable even though the action is not terminated against the other defendants. (*Friendly Village Community Assn., Inc.* v. *Silva & Hill Constr. Co.* (1973) 31 Cal.App.3d 220, 223, fn. 2 [107 Cal.Rptr. 123]; *Gilbert* v. *Sacramento Unified School Dist.* (1968) 258 Cal.App.2d 505, 508 [65 Cal.Rptr. 913].)

728]; *Haupt* v. *Charlie's Kosher Market* (1941) 17 Cal.2d 843, 845 [112 P.2d 627]; *Gostin* v. *State Farm Ins. Co.* (1964) 224 Cal.App.2d 319, 323 [36 Cal.Rptr. 596]; *Wagner* v. *Sariotti* (1943) 56 Cal.App.2d 693, 697 [133 P.2d 430]; *Tracy* v. *Ringole* (1927) 87 Cal.App. 549, 551 [262 P. 73].) ▇ The first amended complaint alleged execution of a written agreement granting plaintiff a lien on all sums recovered by Oran in his action against Novick,[6] "as security for the payment of the fees due plaintiff." It was further alleged that, in employing plaintiff as his attorney, Oran orally agreed to pay plaintiff a fee of 37½ percent of all amounts recovered by judgment or compromise in Oran v. Novick. Hence, if plaintiff had not been discharged by Oran prior to settlement of the lawsuit, plaintiff would have been entitled, by virtue of the lien, to collect the stated fee from the proceeds of the settlement. (See *Gostin* v. *State Farm Ins. Co., supra,* 224 Cal.App.2d at pp. 324, 325-326.)

In *Fracasse* v. *Brent* (1972) 6 Cal.3d 784, 786, 792 [100 Cal.Rptr. 385, 494 P.2d 9], the Supreme Court held that where an attorney has been discharged (with or without cause) by a client with whom the attorney had a contingent fee agreement, upon occurrence of the contingency specified in the agreement, the attorney is limited to a quantum meruit recovery for the reasonable value of his services rendered to the time of discharge. Defendants contend that, under this rule, the contract of employment between attorney and client (including a lien agreement) is terminated upon the attorney's discharge; hence, no lien survives for payment of the reasonable value of the attorney's services rendered prior to discharge. In *Fracasse,* the case did not involve enforcement of an attorney's lien.

Contrary to defendants' contention is the case of *Salopek* v. *Schoemann* (1942) 20 Cal.2d 150, 156 [124 P.2d 21], wherein it was stated that an attorney who has been discharged is entitled to enforce his lien to the extent of the reasonable value of the services performed by him to the date of discharge. This rule was not abrogated in *Fracasse,* either expressly or by implication. (See 6 Cal.3d at p. 789.)

We conclude that the lien created by the written agreement between plaintiff and Oran survived plaintiff's discharge, and that such lien entitled plaintiff to recover, out of the proceeds of the settlement, the reasonable value of his services rendered prior to discharge.

---

[6]See footnote 3.

▇

With this proposition established, we now consider whether counts two through eight, or any of them, state causes of action against the dismissed defendants.

*Second count.* ■ An action for money had and received lies wherever one person has received money which belongs to another, and which in equity and good conscience should be paid over to the latter. (*Mains* v. *City Title Insurance Co.* (1949) 34 Cal.2d 580, 586 [212 P.2d 873]; *Canepa* v. *Sun Pacific, Inc.* (1954) 126 Cal.App.2d 706, 712 [272 P.2d 860]; 5 Cal.Jur.2d, Rev., Assumpsit, § 19, pp. 664-666.) ■ The second count alleged: the sum of $35,000 (the proceeds of the settlement in Oran v. Novick) was paid to defendants; of that sum, $6,750 belonged to plaintiff by virtue of his lien for the reasonable value of legal services rendered to Oran; defendants thus became indebted to plaintiff in the sum of $6,750 "for money had and received by said defendants and each of them for the use and benefit of plaintiff." Thus, the second count states a cause of action against Levinson, Marcus & Bratter and Bradley D. Marcus. (See 3 Witkin, Cal. Procedure (2d ed.) Pleading, § 435, p. 2091.)

*Third count.* ■ Conversion is any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein. (*George* v. *Bekins Van & Storage Co.* (1949) 33 Cal.2d 834, 837 [205 P.2d 1037]; *Gruber* v. *Pacific States Sav. & Loan Co.* (1939) 13 Cal.2d 144, 148 [88 P.2d 137]; *Pilch* v. *Milikin* (1962) 200 Cal.App.2d 212, 224 [19 Cal.Rptr. 334].) ■ While money cannot be the subject of an action for conversion unless a specific sum capable of identification is involved, it is not necessary that each coin or bill be earmarked. (*Haigler* v. *Donnelly* (1941) 18 Cal.2d 674, 681 [117 P.2d 331].) ■ Here, plaintiff alleged, $35,000 was paid and $6,750 of that sum was his. This allegation was sufficient to state a cause of action for conversion under *Haigler* v. *Donnelly, supra,* 18 Cal.2d at page 681. The third count thus states a cause of action against the respondents herein. (And see 3 Witkin, Cal. Procedure (2d ed.) Pleading, §§ 565-568, pp. 2203-2206.)

*Fourth count.* ■ The "work product" of an attorney belongs to the client, whether or not the attorney has been paid for his services. (See Opinions of the Com. on Legal Ethics of the L. A. County Bar Assn., Opn. No. 330, Nov. 30, 1972.) It follows that no cause of action is stated in the fourth count, which alleged that defendants/respondents exploited the work product of plaintiff.

*Fifth count.* A constructive trust is an equitable remedy to compel a person who has property to which he is not justly entitled to transfer it to the person entitled thereto. (*Bainbridge* v. *Stoner* (1940) 16 Cal.2d 423, 428 [106 P.2d 423]; 7 Witkin, Summary of Cal. Law (8th ed.) Trusts, § 131, p. 5487.) The principal constructive trust situations are set forth in two statutes. (Civ. Code, § 2223 provides: "One who wrongfully detains a thing is an involuntary trustee thereof, for the benefit of the owner." Civ. Code, § 2224 provides: "One who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it.") Thus, a constructive trust may be imposed in practically any case where there is a wrongful acquisition or detention of property to which another is entitled. (*Ornbaun* v. *Main* (1961) 198 Cal.App.2d 92, 99 [17 Cal.Rptr. 631]; *Estrada* v. *Garcia* (1955) 132 Cal.App.2d 545, 552 [282 P.2d 547]; *Rankin* v. *Satir* (1946) 75 Cal.App.2d 691, 695 [171 P.2d 78].) "The cause of action is not based on the establishment of a trust, but consists of the fraud, breach of fiduciary duty, or other act which entitles the plaintiff to some relief. That relief, in a proper case, may be to make the defendant a constructive trustee with a duty to transfer to the plaintiff." (3 Witkin, Cal. Procedure (2d ed.) Pleading, § 696, p. 2319.) The fifth count alleged that defendants/respondents were trustees of the sum of $6,750 for the benefit of plaintiff. Plaintiff thus attempted to plead the remedy rather than the facts warranting application of the remedy. However, the fifth count (by incorporating the allegations of the preceding counts) also alleged that defendants acquired and detained the sum of $6,750 in derogation of plaintiff's right to receive such sum, by virtue of his lien, out of the proceeds of the settlement. Such allegations state a cause of action for relief in the form of a constructive trust under which defendants/respondents may be compelled to pay to plaintiff the sum of $6,750 wrongfully acquired and detained by them.

*Sixth count.* An action lies for the intentional interference by a third person with a contractual relationship either by unlawful means or by means otherwise lawful when there is a lack of sufficient justification for such interference. (*Herron* v. *State Farm Mutual Ins. Co.* (1961) 56 Cal.2d 202, 205 [14 Cal.Rptr. 294, 363 P.2d 310]; *Lipman* v. *Brisbane Elementary Sch. Dist.* (1961) 55 Cal.2d 224, 232 [11 Cal.Rptr. 97, 359 P.2d 465].) The elements of such a cause of action are: (1) a valid contract existing between plaintiff and another person; (2) defendant had knowledge of the contract and intended to induce a breach thereof; (3)

the contract was breached by the other party thereto; (4) the breach was caused by defendant's wrongful or unjustified conduct; and (5) plaintiff suffered damage as a result of the breach. (*Abrams & Fox, Inc.* v. *Briney* (1974) 39 Cal.App.3d 604, 608 [114 Cal.Rptr. 328]; *Charles C. Chapman Building Co.* v. *California Mart* (1969) 2 Cal.App.3d 846, 853 [82 Cal.Rptr. 830]; *Freed* v. *Manchester Service, Inc.* (1958) 165 Cal.App.2d 186, 189 [331 P.2d 689].) The sixth count sufficiently alleged each of these elements, thus stating a cause of action for defendants' interference with the agreement between plaintiff and Oran.

*Seventh and eighth counts.* Plaintiff cites and relies upon *Skelly* v. *Richman* (1970) 10 Cal.App.3d 844, 864-865 [89 Cal.Rptr. 556], for the proposition that separate causes of action exist both for "disregard of a known lien right" and for "breach of duty to give plaintiff reasonable opportunity to protect his lien." *Skelly* states there is a cause of action of the former description. (10 Cal.App.3d at p. 864.) However, such statement is dictum. Plaintiff cites no California authority which holds that an attorney who has a lien to secure payment for his services may maintain an action for damages on the theory that his lien rights have been disregarded, or that he was not given reasonable opportunity to protect his lien. It follows that neither the seventh count nor the eighth count states a cause of action.

The judgment is reversed as to counts two, three, five and six. The trial court is directed to overrule the demurrer to those counts, and to permit defendants to file an answer thereto.

Kingsley, Acting P. J., and Jefferson, J.,* concurred.

Respondents' petition for a hearing by the Supreme Court was denied November 20, 1975.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.