[Civ. No. 17580. Third Dist. Nov. 8, 1979.]

CELSO PENA, Plaintiff and Respondent, v.
J. TONEY, Defendant and Appellant.

COUNSEL

J. Toney, in pro. per., and Toney & Trivellini for Defendant and Appellant.

Marijane B. Luna for Plaintiff and Respondent.

OPINION

**PUGLIA, P. J.**—Appellant J. Toney is a defendant in the instant civil action and an interested party in consolidated proceedings brought by the plaintiff therein, Celso Pena, for recovery of personal property in a related criminal case. Toney appeals from the decision of the trial court recognizing ownership of a 1972 Chevrolet automobile in Celso Pena and ordering possession thereof delivered to him.

The facts are undisputed. On September 25, 1976, Kirk P., a juvenile, stole approximately $15,000 from an Arco service station in Davis owned and operated by Celso Pena. The following day, Marc Kempton, in turn, stole approximately $6,000 of the pilfered $15,000 from Kirk P. Kempton spent approximately $4,000 of these stolen funds to purchase the 1972 Chevrolet vehicle in question in Ashland, Oregon. Kempton was later arrested in Yolo County with the automobile and some of the identical stolen funds in his possession. Charged with robbery and receiving stolen property, Kempton engaged Toney, an attorney, to represent him in the criminal action and executed a bill of sale, dated November 24, 1976, to transfer title to the automobile to Toney as payment for his legal services.

On November 29, 1976, Pena filed a civil action (Yolo County Super. Ct. No. 35210) against Kempton, Toney, the Davis Police Department, and the Yolo County District Attorney requesting a temporary restraining order and injunction to prevent the police from releasing the automobile "to any persons."

Pursuant to stipulation between plaintiff and both the Davis police and the district attorney, the court issued an order "pendente lite" prohibiting the release of the car to anyone but Pena absent a lawful court order.[1] Somewhat incongruously, the stipulation provided for and the court concurrently ordered dismissal of the civil action against the law enforcement agencies. Subsequently, after hearing, the court denied injunctive relief against Toney and Kempton on the ground that the disputed property was not in their possession.

In the meantime, Kempton pleaded nolo contendere to the charge of receiving stolen property. Thereafter Pena filed a motion in the criminal case (Yolo County Super. Ct. No. 5742) under Penal Code section 1407 et seq. for an order directing the police to turn over to him the Chevrolet "purchased with money stolen from" him. Hearing on Pena's Penal Code motion commenced August 9, 1977, and was continued to October 14, 1977, for further hearing. In the interim, on August 23, 1977, Toney noticed a motion in the civil case for hearing October 14, 1977, for an order, apparently on a replevin theory, turning the automobile over to him. Kempton was present at the hearings on the motions and waived all right to the disputed property.

The trial court found that the automobile was purchased with funds stolen from and belonging to Pena. The court concluded that Toney was not entitled to ownership or possession of the vehicle and that the vehicle belonged to Pena. The judgment ordered ownership and possession of the vehicle transferred and delivered to Pena. The certificate of title (pink slip) previously received in evidence was released to Pena. Toney appeals from the judgment.

■ Toney challenges the trial court's order "pendente lite." That order was intended to preserve the status quo pending further proceedings relating to the automobile. We offer no comment on the propriety or efficacy of the order inasmuch as it is no longer extant; the court has since ordered the police to deliver the automobile to Pena and that order has been carried out. The order pendente lite is therefore supplanted by the final order; the purported challenge thereto is aca-

---

[1]The order "pendente lite" was by its terms to be effective during pendency of the "above-entitled action," presumably referring to the civil action. Pena's complaint alleged, inter alia, that by reason of "the wrongful conduct of said juvenile [Kirk P.] and defendant, MARC KEMPTON, plaintiff has been damaged in the sum of...$15,000.00." The complaint contained a prayer for $15,000 in damages "against defendants, and each of them,..." Kirk P. is not a named defendant in the civil action.

demic and moot. (*Scoville Mfg. Co.* v. *Skaggs etc. Drug Stores* (1955) 45 Cal.2d 881, 883 [291 P.2d 936]; *Continental Baking Co.* v. *Katz* (1968) 68 Cal.2d 512, 517 [67 Cal.Rptr. 761, 439 P.2d 889].)

■ There is no merit in Toney's contention that the former testimony of Kirk P. given at the preliminary hearing in the criminal case against Kempton was inadmissible against Toney in the instant proceedings. Under Evidence Code section 1292, former testimony of a witness may in certain circumstances be received against a person not a party to the proceeding in which the former testimony was given; section 1292 constitutes a specific exception to the hearsay rule. The trial court's finding that Kirk was unavailable as a witness was supported by substantial evidence that Pena's counsel had made a diligent but unsuccessful effort to locate him.

■ Although a part of the instant proceedings—Pena's motion to recover personal property—is ancillary to a criminal prosecution, the proceedings are nonetheless civil within the meaning of Evidence Code section 1292. That is to say, neither party to these proceedings is constitutionally entitled to confrontation and cross-examination of adverse witnesses. Therefore the inapplicability to criminal cases of the heresay exception in Evidence Code section 1292 does not in these circumstances require the exclusion of such evidence in proceedings under Penal Code section 1407 et seq. for the recovery of stolen or embezzled property. (See Legis. Committee Com., West's Ann. Evid. Code, § 1292, pp. 340-341.)

■ Furthermore, Kempton (through Toney, his attorney) had the opportunity in the criminal proceeding to cross-examine Kirk with "an interest and motive similar" to Toney's in the instant proceedings. Kirk's former testimony was the only evidence that Kempton used money stolen from Pena to purchase the Chevrolet. Obviously it was to Kempton's advantage in the criminal case in which he was charged with receiving the very money used to purchase the car to discredit Kirk's testimony. Although the source of the purchase money is not necessarily dispositive of Toney's claim in the present matter, the depreciation of Kirk's testimony in regard thereto is both consistent with and supportive of his position in these proceedings.

This appeal presents the anomaly that neither party can succeed on the respective theories pleaded. ■ Pena's motion is based on Penal Code section 1407 et seq. which authorize a court (and a magistrate

(see *People* v. *Peters* (1978) 21 Cal.3d 749, 752-753 [147 Cal.Rptr. 646, 581 P.2d 651])) to restore stolen property to the owner on proof of title.[2]

Pena, however, cannot prevail under the Penal Code provisions because the automobile itself is not stolen and Pena does not have title to it. So much of the identical stolen funds as were seized from Kempton upon his arrest were properly restored to Pena by the court in the present Penal Code proceeding. However, when Kempton used some of the stolen funds to purchase the automobile, he acquired legal title to the automobile because his transferor had good title. (See *Brodie* v. *Barnes* (1942) 56 Cal.App.2d 315 [132 P.2d 595].) Penal Code section 1407 et seq. expressly condition relief thereunder on a showing of *title* to property that has been *stolen.* Nothing in the statute or its history discloses an intended meaning otherwise. Whatever may be the equities in favor of Pena, we are powerless to ignore the clear meaning of the statute in order to grant Pena a remedy under its provisions. (*Estate of Kramme* (1978) 20 Cal.3d 567, 572 [143 Cal.Rptr. 542, 573 P.2d 1369].)

■ Nor does Toney have title to the automobile in question. Kempton and Toney merely agreed to transfer title to the automobile by executing a bill of sale; however, the certificate of title was not indorsed but remained in the custody of the police. According to Vehicle Code section 5600 no transfer of the title or any interest in a vehicle registered in California passes until the certificate of title is properly indorsed. To the same effect is section 481.405, Oregon Revised Statutes, governing vehicles such as this one registered in that state. Therefore, Toney cannot maintain an action for return of specific property to which he never acquired title; his remedy is an action against Kempton on the contract. Moreover, Toney's claim that he was acting as the agent of Kempton avails him nothing since Kempton expressly relinquished all rights to the automobile in the trial court and is not a party to the present appeal.

■ The trial court was faced with the dilemma of how to dispose of property owned by a thief who relinquished all rights to it but as to

---

[2]Penal Code section 1410 provides: "If the property stolen or embezzled has not been delivered to the owner, the court before which a trial is had for stealing or embezzling it, upon the application of the owner to the court and on proof of his title, after reasonable notice and opportunity to be heard has been given to the person from whom custody of the property was taken and any other person as required by the court, may order it to be restored to the owner without prejudice to the state."

which no other interested party has presented a claim coherently supported by a viable legal theory. However, the complaint does set out the theft of the money from Pena and the purchase by Kempton of the automobile with the stolen funds; it alleges with a modicum of specificity the lack of an adequate remedy at law and requests "such other and further relief as the court deems just." Arguably, plaintiff's complaint pleads a cause of action for the imposition of a constructive trust. (See 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 696, pp. 2319-2320; Annot. (1971) 38 A.L.R.3d. 1354, 1359-1363.)

At the outset of the hearing, Toney expressed his willingness that the trial court "dispose of this property and assign it to whoever you decide is entitled to it." It would appear that the court took him at his word. Although the court did not articulate the legal theory upon which it based its decision, on the evidence adduced, it properly could have determined that title equitably should vest in Pena under a constructive trust theory. (38 A.L.R.3d 1354; 7 Witkin, Summary of Cal. Law (8th ed. 1974) Trusts, § 131, pp. 5487-5488; *Weiss v. Marcus* (1975) 51 Cal.App.3d 590, 599-600 [124 Cal.Rptr. 297].) Even assuming, contrary to the evidence presented, that legal title to the vehicle reposed in Toney, the remedy of constructive trust would be appropriate because of the entire absence of proof of his status as bona fide purchaser. (Cal. U. Com. Code, § 2403.)

At the conclusion of the hearings, in his memorandum decision, the trial judge stated: "Although the pleadings and the legal aspects of the case are clouded and imperfect, it is clear that the proceedings...were plenary hearings on the issue of the ownership of the vehicle in question in which all parties were present with counsel, and that all of the evidence the parties wished to present, or could present, was received."

■ As long as the trial judge's decision is correct according to any theory of law, we will sustain it regardless of his reasoning in arriving at conclusions. (6 Watkin, Cal. Procedure (2d ed. 1971) Appeal, § 226, pp. 4215-4216.) ■. Here, the evidence is not in conflict on the issue of equitable ownership. As a matter of law, constructive trust in favor of Pena arose on the basis of the undisputed facts. (Cf. *Gyerman v. United States Lines Co.* (1972) 7 Cal.3d 488, 499 [102 Cal.Rptr. 795, 498 P.2d 1043]; 38 A.L.R.3d 1354.)

■ Toney complains of procedural irregularities in the civil action, e.g., that the case was not ready for trial because not at issue. (See rule 206, Cal. Rules of Court.) It was Toney, however, who invited the trial court to decide the entire automobile controversy within the hearing on Pena's motion and who further invoked the court's jurisdiction in the civil action by moving therein for an order turning over the automobile to him.[3] Toney has therefore waived any objection on appeal to the irregularities which he now cites as error.

■ Moreover, Toney has no standing in his individual capacity to seek reversal for procedural irregularities. His motion in the civil case for return of specific property was without substance because he never had title to the automobile and, even assuming he did, he did not establish that he was a bona fide purchaser for value. Furthermore, Toney never had possession of the automobile because it was in the custody of the police. As between himself and Pena therefore, Toney has no cognizable interest in the subject of the trial court's decision and accordingly is not an "aggrieved" party within the meaning of Code of Civil Procedure section 902. (*Kunza v. Gaskell* (1979) 91 Cal.App.3d 201, 206-207 [154 Cal.Rptr. 101].)

The judgment is affirmed.

Paras, J., and Reynoso, J., concurred.

A petition for a rehearing was denied December 4, 1979, and the opinion was modified to read as printed above.

---

[3]On August 9, at the commencement of the hearing on Pena's motion there ensued between Toney and the court the following colloquy:

"MR. TONEY: I don't think that we're able to try the entire civil trial at this point because there's never been an answer filed. There was an attempted demurrer, but the judge, when he ruled that there was no issue of—that there was no right in the defense counsel to seek—or have an injunction upon Kempton or me, ruled that the suit never—never even heard the demurrer because that took care—

"THE COURT: Well, demurrers and answers apart. If you're ready to litigate the problem today, why don't you litigate it and be done with it.

"MR. TONEY: I agree with that. That's my desire, that this matter be heard and the property be assigned today." While it is true that Pena's counsel objected to a plenary hearing, Pena, for obvious reasons, does not contest the judgment of the trial court on appeal.