[Civ. No. 35976. First Dist., Div. One. Mar. 15, 1976.]

JOSEPH DEE BANDY, a Minor, etc., et al., Plaintiffs and Appellants, v.
MT. DIABLO UNIFIED SCHOOL DISTRICT, Defendant;
HOMER B. SIDLOW, Claimant and Respondent.

[Civ. No. 35977. First Dist., Div. One. Mar. 15, 1976.]

MATTHEW BANDY, a Minor, etc., et al., Plaintiffs and Appellants, v.
HOMER S. DRAKE, Defendant;
HOMER B. SIDLOW, Claimant and Respondent.

[Civ. No. 35978. First Dist., Div. One. Mar. 15, 1976.]

ELOISE BANDY, Plaintiff and Appellant, v.
NILS PARSON, Defendant;
HOMER B. SIDLOW, Claimant and Respondent.

COUNSEL

Frank P. Agnost, Jr., for Plaintiffs and Appellants.

No appearance for Defendants.

Homer B. Sidlow, in pro. per., for Claimant and Respondent.

**OPINION**

**MOLINARI, P. J.**—In these consolidated appeals the question presented is whether an attorney, who was employed to prosecute personal injury actions under a contingent fee contract and for whom other counsel was substituted while the litigation was pending, is entitled to a lien in a stated amount upon the proceeds of an anticipated recovery by his former client by settlement or judgment. ■ We have concluded that although an attorney employed under a contingent fee contract providing for a lien has a lien upon the anticipated recovery he may not intervene in his former client's personal injury action to have his lien established in a stated amount, or at all. Accordingly, the orders in the instant cases granting Homer B. Sidlow a lien in a stated sum must be reversed.

Sidlow was employed by Eloise Bandy individually and as guardian ad litem for Joseph Bandy and Matthew Bandy (hereinafter referred to collectively as "Bandy") under a contingent fee contract in the prosecution of three separate personal injury claims. Following the filing of actions for damages for personal injuries upon each of the claims another attorney was employed by Bandy to handle the pending litigation and the other attorney was formally substituted in the pending actions in the place and stead of Sidlow. Thereafter Sidlow filed a motion in each of the actions for a lien for attorney fees and costs advanced. Upon a hearing of the motions the court granted Sidlow's motion. The court's order granted Sidlow a lien for reasonable attorney fees and costs advanced in stated amounts in each of the actions.[1] Bandy moved to vacate said orders on the ground that they were in excess of the court's jurisdiction and therefore void. These motions were denied. ■ ■■■ Bandy appeals from the orders granting the liens and the orders denying the motion to vacate said orders.[2]

Bandy argues that the orders granting a lien are premature and that in order to determine the amount of reasonable attorney fees plaintiffs in each action must have recovered a specific amount.

■ An attorney, whether discharged without cause or with cause, is entitled to recover the reasonable value of services he has rendered until the time of his discharge. (*Fracasse* v. *Brent,* 6 Cal.3d 784, 792 [100 Cal.Rptr. 385, 494 P.2d 9].) In *Fracasse* it was held that an action to determine the reasonable value of the services rendered by an attorney who has been discharged is premature until the happening of the contingency stated in the contingent fee contract, i.e., the client has had a recovery by settlement or judgment. (At p. 792.) The Supreme Court reasoned that the significant factors in determining the reasonableness of an attorney's fee are the amount involved and the result obtained and that these factors cannot be ascertained until the matter has been finally

---

[1]The respective orders granted liens as follows: $1,215 attorney fees and $75.28 costs (1 Civ. 35976); $390 attorney fees and $43.50 costs (1 Civ. 35977); and $1,275 attorney fees and $2.40 costs (1 Civ. 35978).

[2]An order granting a lien upon a cause of action and the judgment which might be obtained is a final determination of a matter collateral to the main issue in the case and is a final judgment as between the lienor and the lienee and is, therefore, appealable. (*Spencer* v. *Spencer,* 252 Cal.App.2d 683, 688-691 [60 Cal.Rptr. 747]; *Hersch* v. *Boston Ins. Co.,* 175 Cal.App.2d 751, 753-754 [346 P.2d 796].) However, the orders denying the motion to vacate the orders granting the lien are not appealable since the latter orders are themselves appealable. (*Deering* v. *Richardson-Kimball Co.,* 109 Cal. 73, 78-79 [41 P. 801]; *Arthur* v. *City of Los Angeles,* 144 Cal.App.2d 545, 546 [301 P.2d 286]; *Sharpe* v. *Sharpe,* 55 Cal.App.2d 262, 265 [130 P.2d 462].)

resolved. (At p. 792.) It was also pointed out that in the event no recovery was obtained the discharged attorney would not be entitled to any compensation. (At p. 792.)

Under the holding and reasoning of *Fracasse* the orders of the court below determining the amount of reasonable attorney fees and costs in each action was improper and premature as the contingency stated in the contract had not occurred.

Bandy also argues that the lower court's orders were in excess of jurisdiction and therefore void. She contends that an attorney is not a party to an action for damages for personal injuries so as to entitle him to make a motion in the action on his behalf and that the existence of a lien provided for by contract does not give an attorney a power coupled with an interest permitting him to intervene as a party to the action.

It is settled that "An attorney's lien against the prospective recovery of a client upon his claim, to secure the payment of a contingent fee for services to be rendered in connection therewith, may be created by contract." (*Weiss* v. *Marcus,* 51 Cal.App.3d 590, 597 [124 Cal.Rptr. 297]; *Gelfand, Greer, Popko & Miller* v. *Shivener,* 30 Cal.App.3d 364, 371 [105 Cal.Rptr. 445]; see *Haupt* v. *Charlie's Kosher Market,* 17 Cal.2d 843, 845 [112 P.2d 627].) Such a lien was clearly created in the present case in the contracts between Bandy and Sidlow. Each of the contracts contain the following provision: "Attorney shall have a lien upon the cause of action, any judgment obtained thereon and the proceeds of any recovery for his attorney's fees and for any costs which he may advance in prosecuting Client's claim. Attorney may withdraw at any time upon written notice."

A contractual lien must be enforced, however, in an independent action by the attorney against the client and the attorney has no right to intervene in the main action to which he is not a party. (*Block* v. *Cal. Physicians' Service,* 244 Cal.App.2d 266, 273 [53 Cal.Rptr. 51]; *Hendricks* v. *Superior Court,* 197 Cal.App.2d 586, 588-589 [17 Cal.Rptr. 364]; *Marshank* v. *Superior Court,* 180 Cal.App.2d 602, 605 [4 Cal.Rptr. 593].) Any order or judgment granting the attorney fees made in the main action is in excess of the court's jurisdiction and is void. (*Hendricks* v. *Superior Court, supra,* at p. 588.)

The cases which have permitted an attorney to intervene in the client's main action for the purpose of having an adjudication of the

attorney's claim for fees rendered in the same action limit the right to intervene " 'to those actions wherein, by virtue of the contract of employment between the attorney and client, the former is given a specific present interest in the subject matter of the action, which interest might be jeopardized by the client's discharge of his original attorney and the employment of another to prosecute the action. [Citations.]' " (*Meadow* v. *Superior Court,* 59 Cal.2d 610, 615 [30 Cal.Rptr. 824, 381 P.2d 648], quoting from *Marshank* v. *Superior Court, supra,* 180 Cal.App.2d 602, 605; *Isrin* v. *Superior Court,* 63 Cal.2d 153, 160 [45 Cal.Rptr. 320, 403 P.2d 728].) "[S]uch an interest is not created by the execution of a contingent fee contract [citation], even where the client 'assigns' to the attorney a proportionate share of the eventual proceeds [citation] or expressly grants the attorney a 'lien' to secure his fee [citations]." (*Isrin* v. *Superior Court, supra,* at p. 161.)

 We observe that the agreement for a lien is decisive as to its existence and constitutes a valid equitable assignment *pro tanto* of the judgment or the proceeds received by way of settlement. (See *Haupt* v. *Charlie's Kosher Market, supra,* 17 Cal.2d 843, 845.) In the case of an attorney who has been granted a lien pursuant to a contingent fee contract and who has rendered services called for by such contract, but who has been discharged prior to the happening of the contingency stated in the contract, all that remains to be done by him, once the contingency has occurred (i.e., recovery by settlement or judgment), is to seek an adjudication in an independent action of the reasonable amount of the attorney fees due him for his services in the light of his former client's recovery and the reasonable amount of the costs advanced by him. He is also entitled, upon such determination and in the same action, to seek enforcement of his lien.

The appeals from the orders denying the motions to vacate the orders granting a lien for attorney fees and costs are dismissed. The orders granting Sidlow's motions for a lien for attorney fees and costs are reversed and the trial court is directed to enter its order denying such motions without prejudice to the filing of an independent action to determine the amount of the lien for attorney fees and costs upon the occurrence of the contingency provided for in the contingent fee contract.

Sims, J., and Elkington, J., concurred.