[Civ. No. 17633. Fourth Dist., Div. Two. Jan. 24, 1978.]

JAMES E. MASON, Plaintiff and Appellant, v.
LEVY AND VAN BOURG et al., Defendants and Respondents.

## COUNSEL

Golden, Neal & Shuffler and Kenneth J. Golden for Plaintiff and Appellant.

Haight, Dickson, Brown, Bonesteel & Rigg and Roy G. Weatherup for Defendants and Respondents.

## OPINION

**MORRIS, J.**—This is an appeal from a judgment of dismissal entered when plaintiff, James E. Mason, chose not to amend his complaint again after the trial court had sustained for the second time a demurrer of defendants, Levy and Van Bourg, with leave to amend.

The complaint contains three counts. The first, for breach of contract, alleges that plaintiff and defendants, attorneys licensed to practice in California, entered into a written contract to transfer two cases pending in superior court to defendants "on a contingency referral basis." The contract document, a copy of which was incorporated in the complaint by reference, indicates that defendants were to be substituted in the place of plaintiff as attorney of record for Mr. Lawson, a party in the two

pending cases, and that, by the agreement, plaintiff was to receive a percentage (varying according to the time and manner of recovery) of the 50 percent contingent fee that was being charged Mr. Lawson. The complaint alleges that, after receiving the cases, defendants failed to exercise their best efforts to either settle the cases or bring them to trial prior to the running of the applicable statute of limitations (Code Civ. Proc., § 583, subd. (b)) despite plaintiff's numerous communications with defendants warning them of this danger; that offers of settlement approximating $300,000 were made by opposing counsel in the cases, and that as a result of defendants' conduct plaintiff lost his share of the fee that would otherwise have been recovered.

The second count, for fraud and misrepresentation, incorporates by reference the first count and further alleges that defendants fraudulently represented to plaintiff that the cases would be completed and concluded before the running of the statute of limitations and that defendants would obtain a stipulation from opposing counsel to extend the statute of limitations. As a result, it is alleged, plaintiff was unable to take any appropriate action to protect his interest in the cases.

The third count, for negligence, incorporates by reference the first and second counts, and alleges that had it not been for defendants' negligence, the cases would have been brought to trial and would have resulted beneficially to plaintiff, and thus plaintiff lost his share of the fee that would have been recovered.

▪ Defendants' demurrer was sustained on the ground that the complaint failed to state facts sufficient to constitute a cause of action. The major point in defendants' supporting memorandum of points and authorities was that, under the authority of *Fracasse* v. *Brent* (1972) 6 Cal.3d 784 [100 Cal.Rptr. 385, 494 P.2d 9], a cause of action to recover compensation for services rendered under a contingent fee contract does not accrue until the occurrence of the stated contingency, i.e., in this case, recovery by settlement or trial. Plaintiff seeks to distinguish *Fracasse* on its facts and contends that in every contract there is an implied covenant of good faith and fair dealing that imposes upon each contracting party the duties to refrain from doing anything that would render performance of the contract impossible and to do everything that the contract presupposes that he will do to accomplish its purpose. Plaintiff argues that in this case that means defendants had a contractual obligation to use reasonable diligence to bring the cases to settlement or trial.

Assuming, without deciding, that the agreement between plaintiff and defendants is a contract,[1] the import of *Fracasse* and reasons of public policy dictate that it not operate to impose upon defendants the duties suggested by plaintiff.

In *Fracasse,* an attorney who had been discharged, allegedly without cause, sought a declaration that the contingent fee contract he and the client had executed was valid and that he had a one-third interest in any money ultimately recovered in the client's action. The trial court sustained a general demurrer without leave to amend and the Supreme Court affirmed on the ground that the action was premature. Overruling a line of cases that had held that an attorney discharged without cause is entitled to the entire agreed fee, the court declared that an attorney discharged with or without cause is to be compensated in the amount of

---

[1]Defendants contend on appeal that there were no contractual obligations between plaintiff and defendants, but rather an attorney-client relationship existed between Mr. Lawson and plaintiff and defendants respectively. They argue that in order to enter into a binding contract on his own behalf with respect to a client's cause of action, plaintiff must have some proprietary interest in the cause of action, but, according to *Isrin* v. *Superior Court* (1965) 63 Cal.2d 153 [45 Cal.Rptr. 320, 403 P.2d 728] and other cases, a contingent fee contract gives an attorney no more than a security interest in the proceeds of litigation. They argue further that a "contract" between plaintiff and defendants would violate the prohibition against an attorney giving or receiving compensation for recommending or securing his employment by a client. (See rule 2-104(B), Rules Prof. Conduct of State Bar.) Rather, defendants submit, the "agreement" between plaintiff and defendants should be interpreted as having no legal effect except to memorialize the arrangement that had been made between the lawyers and their common client in accordance with rule 2-108 of the Rules of Professional Conduct of the State Bar of California, which provides as follows:

"A member of the State Bar shall not divide a fee for legal services with another person licensed to practice law who is not a partner in or associate of his law firm or law office, unless:

"(1) The client consents to employment of the other person licensed to practice law after a full disclosure that a division of fees will be made; and

"(2) The division is made in proportion to the services performed or responsibility assumed by each; and

"(3) The total fee charged by all persons licensed to practice law is not increased solely by reason of the provision for division of fees."

Since we have decided that regardless of the nature of the agreement, defendants do not have the duties suggested by plaintiff, and therefore plaintiff's complaint fails to state a cause of action, it is unnecessary for us to reach defendants' further contentions and decide whether the agreement shall be considered a contract, and if so, define specifically what duties it imposes upon defendants. While defendants' contention that there can be no "contract" between attorneys to divide a contingent fee is perhaps an overstatement, in view of the rules of professional conduct and public policy considerations, it is debatable whether an attorney properly can agree to do much more than simply serve as a conduit for the payment of the fee from the common client to the other attorney when and if any recovery is made. Rather than attempt to define exactly what such a contract *can* properly require an attorney to do, it is sufficient in order to dispose of this appeal to decide only that it *cannot* impose upon an attorney the obligations suggested by plaintiff.

the reasonable value of his services rendered to the time of discharge, and that the cause of action for compensation for services rendered under a contingent fee contract does not accrue until the occurrence of the stated contingency.

Plaintiff seeks to distinguish *Fracasse* on the basis that that case involved an attorney suing his client under a contingent fee contract, while here one attorney is suing another attorney under an agreement between them as to how to divide the fee from a case, which it was contemplated would be either settled or tried. Plaintiff's point is well taken. While the language of the *Fracasse* opinion is broad enough to suggest that any action based on a contingent fee contract accrues only when the stated contingency occurs, the court's decision is clearly predicated on "the unique relationship between attorney and client" (*Fracasse* v. *Brent, supra,* 6 Cal.3d at p. 790) and the holding relates to an attorney's action against his former client.

But that does not mean that *Fracasse* is totally inapposite. That case does suggest the legitimate expectations of an attorney from his client under a contingent fee contract: "[S]ince the attorney agreed initially to take his chances on recovering any fee whatever, we believe that the fact that the success of the litigation is no longer under his control is insufficient to justify imposing a new and more onerous burden on the client [i.e., an absolute obligation to pay his former attorney]. Hence, we believe that the attorney's action for reasonable compensation accrues only when the contingency stated in the original agreement has occurred—i.e., the client has had a recovery by settlement or judgment. It follows that the attorney will be denied compensation in the event such recovery is not obtained." (*Id.,* at p. 792.) Plaintiff, unable to recover from his former client under this law, seems to believe that, by a contract between himself and the successor attorneys, he can acquire a right to a portion of the recovery in the client's action and, because there is no attorney-client relationship between the contracting attorneys such as concerned the *Fracasse* court, can impose upon the successor attorneys an obligation to compensate him regardless of whether the contingency has occurred.

■ It is fundamental to the attorney-client relationship that an attorney have an undivided loyalty to his clients. (See ABA Code of Prof. Responsibility, canon 5.) This loyalty should not be diluted by a duty owed to some other person, such as an earlier attorney. While, as a practical matter, both the client and the former attorney stand to benefit

from any recovery in the client's action, their interests are not identical. For example, in the cases transferred from plaintiff to defendants there was a cross-action against the client, Mr. Lawson. Depending on the circumstances, the client's interests may best be served by withdrawing from the dispute and allowing the statute of limitations to run. On the other hand, the former attorney, not exposed to any potential liability on the cross-action, may prefer to gamble for any recovery by pursuing the matter to settlement or judgment. It would be inconsistent with an attorney's duty to exercise independent professional judgment on behalf of his client to impose upon him an obligation to take into account the interests of predecessor attorneys.

If the law were to recognize duties, such as are suggested here, between successive attorneys representing the same client, a multitude of litigation could be spawned with an attendant adverse impact on attorney-client relationships. Every lawyer could blame his problems in a lawsuit on his predecessors. Every lawyer referring a case to another lawyer would be in a position to claim that the negligence of the second lawyer caused a meritorious claim to be lost or settled for an insufficient amount. Public confidence in the legal system may be eroded by the spectacle of lawyers squabbling over the could-have-beens of a concluded lawsuit, even when the client has indicated no dissatisfaction with the outcome.[2] Considerations of public policy support the conclusion that an attorney's duty of undivided loyalty to his client should not be diluted by imposing upon him obligations to the client's former attorney, or at least obligations greater than the client himself owed to the former attorney.

As the *Fracasse* court concluded, the client's obligation and, as we have concluded, the successor attorney's obligation, if any, to compensate the former attorney for the reasonable value of services rendered matures only upon the occurrence of the agreed contingency. And the contract between the two attorneys, whatever other obligations it may impose, cannot legally impose upon the successor attorney a duty to pursue the client's case according to the former attorney's interests.

Turning to the third count, for negligence, we conclude, for the reasons discussed above, that defendants owed no duty to plaintiff to prosecute the case in any particular manner; the duties in this regard are owed to the client. Although attorneys have been held liable to

---

[2] It was disclosed at oral argument that the former client has instituted an action against defendants. Since this appeal is from a dismissal on a demurrer and the fact of the former client's action does not appear in the complaint, that fact is not properly before us. Even if it was, the general observation above remains valid.

third persons for harm resulting from transactions with their clients, whether liability will be imposed in a specific case "is a matter of policy and involves the balancing of various factors, among which are the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, and the policy of preventing future harm." (*Biakanja* v. *Irving* (1958) 49 Cal.2d 647, 650 [320 P.2d 16, 65 A.L.R.2d 1358].) We have already discussed some policy considerations, and will do no more here than simply note that generally the scope of liability has been extended to cases in which the third person was *intended* to be benefited by the attorney's performance in a transaction (such as the intended beneficiary under an improperly drawn will). (See, e.g., *Lucas* v. *Hamm* (1961) 56 Cal.2d 583 [15 Cal.Rptr. 821, 364 P.2d 685]; see also, 1 Witkin, Cal. Procedure (2d ed. 1970) Attorneys, § 144, pp. 154-155.) ■ It can hardly be said that a client's intention in instituting a lawsuit is to benefit his attorney or that his intention in transferring his lawsuit from one attorney to another is to benefit the former attorney. The scope of liability for negligence should not be extended to such a situation. (Cf., *Haldane* v. *Freedman* (1962) 204 Cal.App.2d 475 [22 Cal.Rptr. 445].)

■ Regarding the second count, for fraud and misrepresentation, we note that theoretically it is possible to base such an action on a promise that one cannot properly perform. But plaintiff does not mention the fraud count in his brief, thus apparently abandoning that count, and our examination of the complaint reveals that plaintiff has failed adequately to allege that he justifiably and detrimentally relied on defendants' representations. Since plaintiff amended that portion of his complaint in response to the first demurrer and has declined to amend it again, we can reasonably presume he is unable to correct the defect. Moreover, this is a situation in which, not only cannot the promisor properly perform, but the promisee cannot properly expect or require performance; the parties would be *in pari delicto*, thus preventing plaintiff's recovery.

Judgment affirmed.

Tamura, Acting P. J., and McDaniel, J., concurred.