Filed 3/26/25  Anyia v. On Track Escrow CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ALFRED O. ANYIA,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>ON TRACK ESCROW, et al.<br><br>    Defendants and Respondents. | B333062<br><br>(Los Angeles County<br>Super. Ct. No. 19BBCV01098) |

　　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Frank M. Tavelman, Judge.  Affirmed.

　　　　Law Offices of Paulinus E. Eichie and Paulinus E. Eichie for Plaintiff and Appellant.

　　　　Relaw, Jennifer Felten and Jonathan L. Endman for Defendants and Respondents On Track Escrow, Xochitl Barron-Flores, and Melissa Fattore.

Attorney Alfred Anyia represented Louis and Jose Wong[1] in an underlying quiet title action that resulted in a settlement under which the subject real property was to be sold. Anyia claimed he had a lien on the sale proceeds. When Anyia was not paid from the sale proceeds, he sued the escrow company that handled the sale, On Track Escrow (On Track), and its employees, Melissa Fattore and Xochitl Barron-Flores, for conspiracy and negligence. After a bench trial, the trial court found that Anyia failed to establish the value and validity of his lien, and it entered judgment in favor of On Track, Fattore, and Barron-Flores. Because sufficient evidence supports the trial court's finding, we affirm the judgment.

## BACKGROUND

I.     Events leading to Anyia's lawsuit

In about 2016, Anyia represented the Wongs in an underlying quiet title action concerning real property in Palmdale, California (the property). Anyia and the Wongs entered into a fee retainer contract for legal services under which the Wongs were to pay Anyia a retainer and a 35 percent contingency fee on any recovery in the underlying action. The retainer agreement also had this lien provision: "Attorney has a lien for fees and costs upon the proceeds of any settlement or recovery made on behalf of clients and upon the afore-described real property which is the subject matter of this action. Client heretofore grants attorney an equitable lien on any recovery made by attorney on behalf of client and the aforementioned real property." (Capitalization omitted.)

---

[1]     To avoid confusion, we sometimes refer to Jose and Louis Wong by their first names.

2

Anyia performed various services on the Wongs' behalf, and the underlying action settled. Under the settlement terms, the Wongs were to sell the property and to pay the plaintiff in the underlying action from the sale proceeds. According to Anyia, he was also supposed to be paid from the sale proceeds.

On Track and its employees Fattore and Barron-Flores handled the sale of the property. When the sale closed, Anyia was not paid from the proceeds.

Anyia sued On Track, Fattore, and Barron-Flores. Anyia's operative second amended complaint alleged causes of action for civil conspiracy and negligence against On Track, Fattore, and Barron-Flores, and negligent hiring against On Track only. Anyia also sued the Wongs, but they were not parties to either the trial below or to this appeal.

II.    Evidence at the bench trial[2]

The matter proceeded to a bench trial against On Track, Fattore, and Barron-Flores only in December 2022. In lieu of a reporter's transcript, evidence from the trial was summarized in a settled statement.

Anyia testified that he was supposed to be paid for his services from the sale of the property. He therefore had the Wongs sign a designation and authorization to pay lien, which he intended to send to any escrow company when the property was sold. The designation stated that Anyia's law firm "retains a lien for services rendered to us and such lien has a priority over any

---

[2]    Respondent has moved on appeal to augment the record with various documents. The motion is denied as to (1) the judgment by default against Jose, (2) Exhibit No. 20, and (3) Exhibit No. 34, because they were not admitted at trial. The motion is granted as to Exhibits Nos. 22, 23, 24, and 25.

other liens on the subject property." The designation did not, however, state the lien amount.

In 2018, Barron-Flores of On Track contacted Anyia about the property, which had been listed for sale. Anyia told Barron-Flores that he had not known the property was listed for sale and that he had a lien on the sale proceeds. He mailed the designation and other documents to On Track to facilitate the close of escrow so that he could get paid. However, Anyia never received the escrow instructions, even though he asked for them. When Anyia asked Barron-Flores about the status of escrow, she told him she did not know what he was talking about. Louis later told Anyia that Jose had received the sale proceeds and that Jose, Fattore, and Barron-Flores told Louis to keep the close of escrow a secret from Anyia.

At trial, Anyia reviewed the closing statement from the sale of the property. From it, he estimated that his fee was approximately $41,000. Anyia admitted he had not perfected his lien but maintained he was not required to record the lien because it was an attorney charging lien and he had given notice of it.

Fattore testified that a few weeks before escrow closed in September 2018 Jose instructed her not to send payment to Anyia for his services. She denied receiving any documentation supporting Anyia's demand for payment.

Barron-Flores similarly testified that she learned of Anyia's lien claim about three weeks before escrow closed. However, there was no lien or written demand for payment, and she did not ask Anyia for proof of any claim. Moreover, the preliminary and supplemental title reports did not list any lien owed to Anyia. When Anyia asked that his name be added to disbursement

4

checks, Jose said he did not want to pay Anyia any more money. Barron-Flores did not ask Anyia for documentation to substantiate his claim before escrow closed. After escrow closed, she asked Anyia for documentation, but he never responded. Barron-Flores never received the designation. In any event, Barron-Flores said that Anyia's claim was not the kind of dispute that would have prevented escrow from closing because he was not a principal (e.g., a buyer or seller) to the sale.

Shanna Roskilly, On Track's escrow manager, testified for the defense about On Track's policies. On Track handles about 900 escrows a year. It has never had any regulatory issues or been sued. Roskilly has never had any problems with Fattore or Barron-Flores. On Track has a procedural manual that addresses how escrows are to be handled, how to resolve disagreements about to whom money is owed, and how to request proof of claims to money. The manual states that escrow officers should talk to the seller about how to distribute sale proceeds and to take instruction from the seller or buyer. Roskilly also testified that On Track has a separate company handbook that addresses employment issues. Roskilly described how On Track trains its employees and how it is audited every three to five years. No audit has revealed any issues.

III.    The judgment

The trial court issued a written decision. In it, the trial court summarized the evidence, described above, and the applicable law. The trial court thus noted that a third party who impairs an attorney's lien rights may be liable for tortious interference with contractual relations or prospective economic advantage. However, Anyia did not allege such a cause of action against defendants. The trial court further observed that "the

5

mere assertion of a charging lien to a third-party, not a party to the contract with the attorney, may not be sufficient to have a cause of action against the third-party." Instead, a declaratory relief action to establish the charging lien and amount due is typically brought.

In this case, Anyia did not present any evidence that he established the value and validity of his lien. Indeed, Anyia's exhibit 27, a letter dated August 3, 2018, to On Track merely stated he had a lien on the sale proceeds. But Anyia did not assert a lien amount and instead merely demanded that his name be placed on any disbursement check to the Wongs. Because there was insufficient evidence to enforce the lien, the trial court found that all of the causes of action failed.

Nonetheless, the trial court addressed each cause of action. As to the conspiracy cause of action, the trial court found that Jose's visits to the escrow office and discussions about not paying Anyia were insufficient to show a conspiracy. Next, On Track did not owe a duty to Anyia, a nonparty to the escrow; therefore, the negligence cause of action also failed. Finally, the trial court, having found insufficient evidence of negligence and conspiracy, found the cause of action for negligent hiring to be moot.

Accordingly, the trial court entered judgment in favor of On Track, Fattore, and Barron-Flores.

6

## DISCUSSION

### I. Standard of review

To the extent Anyia's contention is that there was insufficient evidence to support the judgment, the standard of review requires us to accept the evidence supporting the judgment, not to reweigh the evidence, and to draw all inferences in support of the judgment. (*Perez v. Galt Joint Union Elementary School Dist.* (2023) 96 Cal.App.5th 150, 168–169.) We presume a judgment is correct and indulge all intendments and presumptions in favor of its correctness. (*Thompson v. Asimos* (2016) 6 Cal.App.5th 970, 981.) We review any questions of law de novo. (*Ibid.*)

### II. Sufficient evidence supports the judgment

Anyia contends he had a lien on proceeds from the sale of the property, and OnTrack had to honor that lien by paying him from those proceeds. As we explain, Anyia failed to establish the value and validity of his lien, and therefore OnTrack and its employees were not liable on any of Anyia's causes of action.

An attorney's lien is not created by an attorney's performance of services. (*Mojtahedi v. Vargas* (2014) 228 Cal.App.4th 974, 977.) Instead, an attorney's lien is created by an attorney fees contract with an express lien provision or by implication in a retainer agreement providing that the attorney will be paid for services rendered from the judgment. (*Ibid.*) "If a lien is created by contract, the lien survives the discharge of the attorney, and the attorney, although no longer entitled to the fees contracted for, remains entitled to recover from the judgment the reasonable value of services actually performed." (*Carroll v. Interstate Brands Corp.* (2002) 99 Cal.App.4th 1168, 1172, fn. 3.)

7

Where an attorney has a contract containing a lien provision, the attorney still must establish the "value or validity of [the attorney's] purported lien." (*Mojtahedi*, at p. 978; accord, *Valenta v. Regents of University of California* (1991) 231 Cal.App.3d 1465, 1470 (*Valenta*); *Hansen v. Jacobsen* (1986) 186 Cal.App.3d 350, 356.) An attorney has no right to intervene to assert a lien in the main action to which the attorney is not a party. (*Bandy v. Mt. Diablo Unified School Dist.* (1976) 56 Cal.App.3d 230, 234.) Instead, after a client obtains a judgment in an underlying action, the client's " ' "attorney must bring a separate, independent action against the client to establish the existence of the lien, to determine the amount of the lien, and to enforce it." ' " (*Mojtahedi*, at pp. 977–978; *Valenta*, at p. 1470; *Bandy*, at p. 234.)

A "third party that impairs an attorney's rights under such a lien may be subject to liability for tortious interference with contractual relations or prospective economic advantage." (*Little v. Amber Hotel Co.* (2011) 202 Cal.App.4th 280, 291; accord, *Siciliano v. Fireman's Fund Ins. Co.* (1976) 62 Cal.App.3d 745, 752–753; see also *Plummer v. Day/Eisenberg, LLP* (2010) 184 Cal.App.4th 38, 45 [attorneys also "may maintain conversion actions against those who wrongfully withhold or disburse funds subject to their attorney's liens"].)

Here, the evidence regarding Anyia's lien was undisputed. Anyia had a contractual lien under his retainer agreement with the Wongs. But there was no evidence Anyia had brought a separate action or otherwise established the lien's validity or amount by the time the property was in escrow.[3] Instead, Anyia

---

[3] Anyia did name the Wongs as defendants in this action and alleged causes of action for, among others, quantum meruit and

admitted at trial that he had not perfected his lien. And the title report for the property did not list any lien held by Anyia. Nor did other evidence Anyia cited establish the value and validity of his lien. Anyia claimed he sent a letter, dated August 3, 2018, to On Track asserting he had a lien on the sale proceeds. Even if we assume that On Track received the letter, the letter did not establish the value and validity of Anyia's lien. Rather, the letter merely demanded that Anyia's name be placed on any disbursement check to the Wongs. Similarly, the designation the Wongs signed merely reiterated that Anyia had a lien for services rendered to them; it was not evidence that he had adjudicated the lien's validity and value. While filing a notice of lien in a pending action is permissible and advisable, it is not a substitute for an independent action to establish the existence and amount of the lien and to enforce it. (*Valenta, supra*, 231 Cal.App.3d at p. 1470.) Indeed, Anyia first estimated the amount of his lien at trial. Therefore, as the trial court found, Anyia failed to establish the value and validity of his lien before escrow closed.

Anyia appears to concede that he had not adjudicated the value and validity of his lien by the time escrow closed, asserting instead that he did not have to. Anyia distinguishes the

---

enforcement of lien against them. We have no occasion to address whether Anyia could have established the value and validity of his lien in the same action in which he was simultaneously suing On Track and its employees.

Further, On Track, Fattore, and Barron-Flores sought to augment the record on appeal with a 2023 default judgment Anyia obtained against Jose. Because that default judgment was not before the trial court given that the bench trial was in 2022, we decline to permit augmentation of the record with the default judgment.

overwhelming authority establishing that he had to establish the value and validity of his lien in an independent action on the ground that the authority involved attorneys who were discharged before the underlying action concluded (see, e.g., *Valenta*, *supra*, 231 Cal.App.3d at p. 1470; *Hansen v. Jacobsen*, *supra*, 186 Cal.App.3d at p. 356; *Bandy v. Mt. Diablo Unified School Dist.*, *supra*, 56 Cal.App.3d at p. 234), whereas there was no evidence here that the Wongs discharged him as their counsel. Anyia, however, does not explain why an attorney's retention by the client matters in this context. And the significance of it is not apparent. Rather, it is unremarkable that this issue, which involves a fee or payment dispute between the attorney and client, often arises in the context of a discharged attorney.

Moreover, *Brown v. Superior Court* (2004) 116 Cal.App.4th 320, 329, rejected the position that Anyia asserts. In that case, the attorney argued he should be allowed to intervene in the underlying action in which he represented his client because his client did not dispute the attorney's lien claim. The court noted that while many attorney lien cases involved attorney-client disputes, "the rationale of those cases is not limited to such disputes. The rule that the trial court in the underlying action lacks jurisdiction to affect an attorney lien is founded on the fundamental principle 'that one who is not a party to a proceeding may not make a motion therein.' " (*Id.* at p. 329.) "That there is no dispute between the attorney and the client regarding the attorney lien claim does not confer party status or the right to intervene as a party on the attorney." (*Id.* at p. 330.) The attorney still must establish the validity and amount of the lien in a separate action. (*Id.* at pp. 324, 330–334.)

We therefore conclude that the trial court properly found that Anyia's failure to establish the lien's validity and value was fatal to all of his causes of action.

Although it is therefore unnecessary to discuss further Anyia's causes of action for conspiracy, negligence, and negligent hiring, the absence of evidence of the value and validity of Anyia's lien was fatal to them, as the trial court found. First, the elements of a conspiracy cause of action are "(1) the formation of a group of two or more persons who agreed to a common plan or design to commit a tortious act; (2) a wrongful act committed pursuant to the agreement; and (3) resulting damages." (*City of Industry v. City of Fillmore* (2011) 198 Cal.App.4th 191, 212.) That On Track and its employees followed Jose's instructions not to pay Anyia any money out of escrow was not a tortious act, because Anyia had not established the value and amount of his lien.

Second, the elements of negligence are duty, breach, causation, and damages. (*Melton v. Boustred* (2010) 183 Cal.App.4th 521, 529.) Anyia was a third party to the sale of the property and, as such, On Track, Fattore, and Barron-Flores owed him no duty in the absence of a valid lien. (See *Summit Financial Holdings, Ltd. v. Continental Lawyers Title Co.* (2002) 27 Cal.4th 705, 711–712 [escrow holder does not owe nonparties to escrow duty of care].)

Third, as there was no evidence that Fattore and Barron-Flores were negligent in their handling of the escrow, On Track could not be liable for negligently hiring them. (See generally *Mendoza v. City of Los Angeles* (1998) 66 Cal.App.4th 1333, 1339 [if enterprise hires individuals with characteristics posing danger to customers or other employees, enterprise should bear the loss

11

caused by the wrongdoing of its incompetent or unfit employees]; *Roman Catholic Bishop v. Superior Court* (1996) 42 Cal.App.4th 1556, 1564–1565  [employer may be liable to third person for negligence in hiring or retaining an incompetent or unfit employee].)

Finally, it is unclear whether Anyia asserts on appeal that OnTrack, Fattore, and Barron-Flores are liable for tortious interference with contractual relations.  However, Anyia never alleged that cause of action in his operative complaint, and it was therefore not at issue at the bench trial.  In any event, the same evidentiary void that precludes his conspiracy and negligence-based causes of action bars that cause of action as well.

## DISPOSITION

The judgment is affirmed.  Respondents On Track Escrow, Xochitl Barron-Flores, and Melissa Fattore may recover their appellate costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

EGERTON, J.

ADAMS, J.

13