Young Mee CHO, an individual; Sally Youngae Cho, an individual; Peter Cho, an individual, Plaintiffs—Appellees,

v.

The REPUBLIC OF KOREA, a foreign state, Defendant—Appellant.

No. 02–55899.

D.C. No. CV–01–05231–CAS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 2003.

Decided May 27, 2003.

Rehearing and Rehearing En Banc Denied Aug. 6, 2003.

Before SCHROEDER, Chief Judge, and THOMPSON and GRABER, Circuit Judges.

MEMORANDUM * and ORDER

Plaintiffs filed this action against the Republic of Korea, alleging conversion in violation of California law. Specifically, they claim that Defendant stole from them the assets and shares of Samho International Company, Inc. ("Samho"). Defendant moved to dismiss for lack of jurisdiction. The district court denied the motion, holding that the "commercial activity" exception to the Foreign Sovereign Immunities Act of 1976 ("FSIA"), 28 U.S.C. §§ 1602–1611, forecloses the defense of sovereign immunity. Defendant brings a timely interlocutory appeal. On de novo review, *Corzo v. Banco Cent. de Reserva del Peru*, 243 F.3d 519, 522 (9th Cir.2001), we affirm.

A. *Motions Pertaining to the Record*

Plaintiffs ask us to strike their state-court complaint from Defendant's excerpts of record. We grant the motion because this document was not part of the district court record.

Defendant asks us to take judicial notice of (1) an English translation of the Korean-language document that Plaintiffs attached to their federal complaint and (2) the state-court complaint referred to above. We grant this motion as well. The

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

first is capable of ready determination and the second is a matter of public record. Fed.R.Evid. 201.

With respect to the second document, we are taking notice only of the fact that Plaintiffs filed the state-court complaint, but not of the *truth* of the facts alleged therein. *See Lee v. City of Los Angeles,* 250 F.3d 668, 690 (9th Cir.2001). Plaintiffs' allegations were different in the state-court complaint because, they allege, as a result of Defendant's concealment Plaintiffs had not yet discovered the evidence that is at the center of this case, namely, the document containing the forged signatures and falsely certified thumbprints. Accordingly, judicial estoppel does not apply. *See Ryan v. Loui (In re Corey),* 892 F.2d 829, 836 (9th Cir.1989) (declining to apply judicial estoppel where a party's change of position was occasioned by its discovery that it had been deceived).

## B. *Commercial Nature of Defendant's Activity*

Defendant is a foreign state. The issue is whether the allegations of Plaintiffs' complaint fall within the "commercial activity" exception to the FSIA, 28 U.S.C. § 1605(a).

Under that statute, we examine the nature of the activity in question rather than the activity's purpose. *Joseph v. Office of Consulate Gen. of Nig.,* 830 F.2d 1018, 1023 (9th Cir.1987); 28 U.S.C. § 1603(d). Even if performed with a public or regulatory aim in mind, acts by governmental entities are "commercial" if the role of the sovereign is one that could be played by a private actor. *Republic of Arg. v. Weltover, Inc.,* 504 U.S. 607, 614–15, 112 S.Ct. 2160, 119 L.Ed.2d 394 (1992); *Sun v. Taiwan,* 201 F.3d 1105, 1107–08 (9th Cir.2000). Said another way, an activity is commercial unless it is one that *only* a sovereign state could perform. *MOL, Inc. v. Peoples*

*Republic of Bangladesh,* 736 F.2d 1326, 1329 (9th Cir.1984); *Holden v. Canadian Consulate,* 92 F.3d 918, 920 (9th Cir.1996).

Plaintiffs allege that Defendant forged the signatures of Plaintiffs Young Mee Cho and Sally Youngae Cho and a certification of their thumbprints on a corporate document pertaining to the Samho takeover. The parties disagree about the translation of the key document. We need not resolve the translation debate because, even under Defendant's version, the activity was commercial.

Documents assigning voting rights, or facilitating transfer, of shares in publicly held companies are routine forms of commercial activity. In addition, the act of forging a power of attorney or proxy statement is not an inherently public act that only a government could perform.

Defendant claims that the forgery was part of a larger scheme to nationalize Korean corporations. This argument relies on allegations made in Plaintiffs' state-court complaint but, as held above, the truth of those allegations cannot be judicially noticed. We take as true only the allegations of the complaint in the present action. *See Saudi Arabia v. Nelson,* 507 U.S. 349, 351, 113 S.Ct. 1471, 123 L.Ed.2d 47 (1993) (stating this standard in an appeal of a motion to dismiss).

Even if Defendant's alleged forgery were part of a scheme to nationalize various companies, however, Defendant could not prevail because the FSIA defines "commercial activity" to include not only a regular course of commercial conduct, but also "a particular commercial transaction or act." 28 U.S.C. § 1603(d). Defendant's forgery of the corporate document, not the entire scheme of nationalization, is the legally relevant particular commercial transaction or act. "In determining whether the commercial activity exception applies, the courts focus only on those *specific* acts

that form the basis of the suit." *Joseph,* 830 F.2d at 1023. Further, "[t]he entire case need not be based on the commercial activity of the defendant." *Sun,* 201 F.3d at 1109. Finally, the alleged purpose of the forgery is irrelevant because the *nature* and not the *purpose* of an act determines whether it is a commercial activity under the FSIA. 28 U.S.C. § 1603(d).

Defendant also argues that "certification by the Consul General's office has special significance under Korean law and gives rise to a presumption of authenticity." Even if Defendant is correct about the unique role of consular certification of thumbprints, the alleged forgery would have been complete even without it. Defendant performed all the acts that were necessary to manufacture a fraudulent power of attorney or proxy statement through means available to private actors.

### C. *Nexus of Defendant's Activity to the United States*

Title 28 U.S.C. § 1605(a)(2) provides, as relevant here, that a foreign state is not immune if "the action is based upon a commercial activity carried on in the United States by the foreign state." The FSIA defines " 'commercial activity carried on in the United States by a foreign state' " as "commercial activity carried on by such state and having substantial contact with the United States." 28 U.S.C. § 1603(e).

Defendant asserts that Plaintiffs' action is not "based upon" commercial activity in the United States unless *all* elements of Plaintiffs' claim occurred in the United States. We have rejected that interpretation on several occasions. "According to *Saudi Arabia [v. Nelson* ], an action is based on commercial activity in the United States if *an element* of the plaintiff's claim

consists in conduct that occurred in commercial activity carried on in the United States." *Sugimoto v. Exportadora de Sal, S.A. de C.V.,* 19 F.3d 1309, 1311 (9th Cir. 1994) (emphasis added); *see also Sun,* 201 F.3d at 1109 (quoting *Sugimoto* for the same principle).

Under California law, "conversion is the wrongful exercise of dominion over another's personal property in denial of or inconsistent with his rights in the property." *Kasdan, Simonds, McIntyre, Epstein & Martin v. World Sav. & Loan Ass'n (In re Emery),* 317 F.3d 1064, 1069 (9th Cir.2003) (per curiam) (citing *Weiss v. Marcus,* 51 Cal.App.3d 590, 124 Cal.Rptr. 297, 303 (Ct. App.1975)). The elements of conversion under California law are: "(1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by wrongful act inconsistent with the property rights of the plaintiff; and (3) damages." *Id.* (citing *Burlesci v. Petersen,* 68 Cal.App.4th 1062, 80 Cal.Rptr.2d 704, 706 (Ct.App.1998)).[1]

■ Defendant's forgery of the "power of attorney" satisfies the second element of Plaintiffs' conversion claim. The document purports to "wholly assign all rights" of Plaintiffs to engage in "[a]ll acts appurtenant to exercising of shareholders' rights." Further, the document purports to make the assurance that Plaintiffs "will not interpose any objections whatsoever in the future" to Daelim's "acceptance of the management authority of Samho." Even if the document is not a formal transfer of *ownership* of the shares of Samho stock, it is at least a transfer of all *control and power over* the shares. Thus, the alleged forgery and certification of the document constitute a wrongful exercise of dominion

---

1. A claim for conversion lies even if the allegedly converted property is intangible, such as corporate shares or bonds. *Am. Bankers* *Mortgage Corp. v. Fed. Home Loan Mortgage Corp.,* 75 F.3d 1401, 1411 (9th Cir.1996) (citing California case law).

128

over Plaintiffs' personal property in a manner inconsistent with Plaintiffs' rights.

The acts of which Plaintiffs complain occurred in Los Angeles and New York and, thus, had "substantial contact with the United States." 28 U.S.C. § 1603(e).

D. *Conclusion*

Plaintiffs' motion to strike is GRANTED.

Defendant's motion for judicial notice is GRANTED.

The district court's order denying Defendant's motion to dismiss is AFFIRMED.

* This disposition is not appropriate for publica-

