Filed 8/31/16  Levinson v. Sadovsky CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| LEONARD LEVINSON,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>IRINA SADOVSKY,<br><br>    Defendant,<br><br>DAN SADOVSKY,<br><br>    Defendants and Respondents. | B261012<br><br>(Los Angeles County<br>Super. Ct. No. BC512391) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark Mooney, Judge.  Affirmed in part; reversed in part.

Treyzon & Associates, Federico Castelán Sayre, Boris Treyzon and Yolanda M. Medina for Plaintiffs and Appellants.

Lewis Brisbois Bisgaard & Smith, John Barber, Jeffry A. Miller, Arezoo Jamshidi for Defendants and Respondents Dan Sadovsky and Kazak-Mars, Inc.

The Kaufman Law Firm and Martin J. Kaufman for Defendants and Respondents Dan Sadovsky, Kazak-Mars, Inc., and Optimas B-Sol, Inc.

\* \* \* \* \* \*

Plaintiff and appellant Leonard Levinson was a shareholder in Five Star Rx, Inc. (5-Star), a pharmacy in Ventura. He sued the pharmacist and majority shareholder Irina Sadovsky, her husband Dan Sadovsky, and Dan's companies—Kazak-Mars, Inc. (Kazak-Mars) and Optimas B-Sol, Inc. (Optimas).[1] Following a series of demurrers, the trial court dismissed Dan and his companies but allowed the suit to go forward as to Irina. This appeal is from the judgment of dismissal of Dan and his companies.

In this appeal, Levinson ignores the one final judgment rule—a fundamental rule of appellate practice. (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 756.) Because no final judgment has been entered against Irina, we do not consider Levinson's arguments related to her. We conclude that Levinson stated a cause of action against Dan and Kazak-Mars for conversion and reverse the judgment of dismissal as to them. We affirm the judgment of dismissal as to Optimas.

## FACTS AND PROCEDURE

In his second amended complaint, Levinson alleged causes of action for breach of contract, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, accounting, conversion, violations of Corporations Code section 1601 and 1603, and declaratory relief. The trial court sustained the demurrers to all but the first two causes of action. It entered a judgment dismissing Dan, Kazak-Mars, and Optimas.[2] Litigation against Irina continues.

According to the second amended complaint, Irina owned 55 percent of 5-Star's stock, and Levinson owned the remaining 45 percent. Levinson was a director of 5-Star. Irina was the sole registered pharmacist working for 5-Star. Dan was married to Irina. Dan was not an officer or shareholder of 5-Star. Dan owned 100 percent of Kazak-Mars.

---

[1] Because they share a surname, we refer to Dan and Irina Sadovsky by their first names.

[2] In the second amended complaint, Levinson referred to K-Mars Optical and Optimus B-Sol. Levinson alleged that Dan claimed to be president and chief executive officer of the two entities. In the judgment, the trial court referred to the entities as Kazak-Mars, Inc., and Optimas B-Sol, Inc., which we also employ.

In the operative complaint, Levinson alleged that he was improperly terminated as a director of 5-Star and he was improperly denied access to corporate documents. Levinson alleged that there was a promissory note with his signature, but his signature had been forged. Levinson further alleged that 5-Star had an unexplained inventory loss resulting in the loss of "hundreds of thousands of dollars." He alleged that Irina confirmed the existence of 5-Star's inventory loss at a May 6, 2013 meeting, but she was unable to explain the reason for the loss.

The breach of contract cause of action was based on the allegations that Levinson was improperly terminated as a director of 5-Star. The breach of fiduciary duty cause of action was based on Irina's alleged failure to manage 5-Star and comply with the bylaws of the corporation. Included within that cause of action were Irina's alleged improper termination of Levinson, her alleged forgery of Levinson's signature, and her concealment of an inventory shortage. Those causes of action were not dismissed, and judgment was not entered against Irina. The declaratory relief cause of action was alleged only against Irina and 5-Star and sought a judicial determination of whether Irina had the right to terminate Levinson as a director.

Levinson's conversion cause of action was alleged against Irina and Dan. Levinson alleged that they and Kazak-Mars converted medications between June 2012 and May 2013. (Because Levinson alleged Kazak-Mars participated in the conversion, we generously assume he intended to include Kazak-Mars as a defendant, and respondents make the same assumption.)

Levinson makes no argument with respect to the remaining causes of action, and we therefore need not describe them. Levinson has abandoned the remaining causes of action on appeal and any claim of error has been forfeited. (*Yee v. Cheung* (2013) 220 Cal.App.4th 184, 193, fn. 6.)

## DISCUSSION

On appeal, Levinson argues that he was improperly terminated as a director of 5-Star and the trial court improperly dismissed his declaratory relief cause of action. His principal contention was that the procedures for removing a director were not followed

3

and he did not consent to his removal. As we shall explain, the foregoing arguments are not cognizable in this appeal.

Levinson's final argument is that the court erred in dismissing his cause of action for conversion. This argument concerns the defendants who were dismissed and may be considered on appeal. We conclude that Levinson stated a cause of action for conversion against Dan and Kazak-Mars.

"We review de novo an order sustaining a demurrer to determine whether the complaint alleges facts sufficient to state a cause of action. [Citation.] We exercise our independent judgment as to whether the complaint states a cause of action. [Citation] ' "A judgment of dismissal after a demurrer has been sustained without leave to amend will be affirmed if proper on any grounds stated in the demurrer, whether or not the court acted on that ground." ' " (*Yee v. Cheung, supra*, 220 Cal.App.4th at p. 192.) "When a demurrer is sustained without leave to amend, 'we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff.' " (*Id.* at p. 193.)

### 1. The Judgment Concerns Only Defendants Dan, Optimas, and Kazak-Mars

"Under the one final judgment rule, ' "an appeal may be taken only from the final judgment in an entire action." ' [Citations.] ' "The theory [behind the rule] is that piecemeal disposition and multiple appeals in a single action would be oppressive and costly, and that a review of intermediate rulings should await the final disposition of the case." ' [Citations.] [¶] The one final judgment rule is 'a fundamental principle of appellate practice' [citation], recognized and enforced in this state since the 19th century [citations]." (*In re Baycol Cases I & II, supra*, 51 Cal.4th at p. 756.) " 'A judgment that disposes of *fewer* than all of the causes of action framed by the pleadings . . . is necessarily "interlocutory" [citation], and not yet final, as to any parties between whom another cause of action remains pending.' " (*Kurwa v. Kislinger* (2013) 57 Cal.4th 1097, 1101.)

The great bulk of Levinson's appellate brief concerns whether he was properly terminated as a director of 5-Star. His arguments that his termination was improper are not cognizable on appeal because they continue to be litigated against Irina. Under the one final judgment rule, that issue and any intermediate rulings with respect to Irina must await final disposition of the case. (*In re Baycol Cases I & II, supra*, 51 Cal.4th at p. 756.)

This appeal is from the judgment dismissing only Dan, Kazak-Mars and Optimas. As to the dismissed defendants, the judgment is final and appealable because the judgment left no issues to be considered as to those defendants. (*Ram v. OneWest Bank, FSB* (2015) 234 Cal.App.4th 1, 9.) On appeal, Levinson raises no argument concerning a cause of action in which Optimas was named as a defendant. The trial court therefore properly dismissed Optimas. With respect to Dan and Kazak-Mars, Levinson argues that he asserted a cause of action for conversion sufficient to withstand demurrer, the issue we now consider.

## 2. Conversion

The trial court sustained the demurrer to the first amended complaint (the one prior to the operative pleading) on the ground that Levinson did not identify any property allegedly converted. The court permitted Levinson leave to amend that iteration of the complaint. In the operative complaint, Levinson identified the property allegedly converted as "Five Star's inventory, specifically medications in the time period of June 2012 through May of 2013." (Underscoring omitted.)

On appeal, the parties dispute whether the allegations in the second amended complaint are sufficient to state a cause of action against Dan and Kazak-Mars. (We do not consider any argument with respect to Irina because litigation against her is ongoing.) We conclude Levinson has stated a cause of action.

" ' "Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages." ' " (*Plummer v. Day/Eisenberg, LLP*

5

(2010) 184 Cal.App.4th 38, 45.) " 'The basis of a conversion action " 'rests upon the unwarranted interference by defendant with the dominion over the property of the plaintiff from which injury to the latter results.' " ' " (*Welco Elctronics, Inc. v. Mora* (2014) 223 Cal.App.4th 202, 208.)

The allegations in the second amended complaint are sufficient with respect to Dan and Kazak-Mars to withstand demurrer. 5-Star owned or had the right to possession of the medication which Levinson alleged that Dan and Kazak-Mars took for their own use. While respondents argue that a plaintiff must specify the property taken, in his second amended complaint, Levinson specified that the medications were taken from the pharmacy in a specific time period. The general allegations indicate that Irina further identified the inventory loss at a shareholder meeting.

Respondents cite numerous cases holding that "money cannot be the subject of a conversion action unless a specific sum capable of identification is involved." (*Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.* (1996) 49 Cal.App.4th 472, 485; see *PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP* (2007) 150 Cal.App.4th 384, 396 ["actions for the conversion of money have not been permitted when the amount of money involved is not a definite sum"]; *Vu v. California Commerce Club, Inc.* (1997) 58 Cal.App.4th 229, 235 ["generalized claim for money not actionable as conversion"].) The principle is not applicable here because Levinson did not allege the conversion of money. He alleged a conversion of medication from 5-Star's inventory in a definite time period. Levinson was not required to allege the specific type of medication taken as the general allegations provided information that it was the medication missing in the inventory as described by Irina at a May 6, 2013 meeting. Even with money, "it is not necessary that each coin or bill be earmarked." (*Weiss v. Marcus* (1975) 51 Cal.App.3d 590, 599.)

Finally, although respondents correctly point out that Levinson did not allege Dan's or Kazak-Mar's specific role in the conversion, respondents cite no authority that such specificity is required at this early stage of the proceedings. The allegations that the defendants asserted dominion and control over the medications belonging to 5-Star are

6

sufficient to allege conversion without stating how such dominion and control was asserted.  (*Shaw v. Palmer* (1924) 65 Cal.App. 441, 449 ["If a party converts the personal property of another, it matters not by what means the conversion is effected . . . ."].)  Because Levinson alleged a cause of action for conversion against Dan and Kazak-Mars, the trial court erred in dismissing them from the lawsuit.

## DISPOSITION

The judgment dismissing Dan and Kazak-Mars is reversed, and the court is directed to enter a new order overruling the demurrer as to Levinson's conversion cause of action only.  The judgment of dismissal of Optimas is affirmed.  The parties shall bear their own costs on appeal.

FLIER, J.

WE CONCUR:

RUBIN, Acting P. J.

GRIMES, J.

7